Argued September 13, affirmed November 8, 1967

WALKER, *Respondent, v.* STATE COMPEN-
SATION DEPARTMENT, *Appellant.*

432 P. 2d 1018

*Clayton Hess,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Chief Counsel, State Compensation Department, Salem.

*James O. Goodwin,* Oregon City, argued the cause for respondent. On the brief were Jack, Goodwin & Anicker, Oregon City.

Before McAllister, Presiding Justice, and O'Con-nell and Denecke, Justices.

■■■

DENECKE, J.

The plaintiff injured his back when he fell in an industrial accident. He appealed to the circuit court from an award by the defendant or its predecessor, State Industrial Accident Commission, claiming additional benefits. The defendant Department appeals to this court from a judgment of the trial court entered upon the jury's verdict awarding plaintiff benefits in excess of those awarded by the Commission.

The jury returned a verdict finding that plaintiff had suffered an unscheduled permanent partial disability of the back equivalent to a 45 per cent loss of use of one arm and permanent partial disability of the right leg to the extent of 25 per cent loss of use of such leg. The Compensation Department contends the trial court erred in not withdrawing the claim of disability to the leg.

The initial injury was to plaintiff's back, not his leg. There was evidence that plaintiff's leg is disabled from pain in the leg caused by his injured back. The Department's physician testified that the leg pain "was referred pain from his back, not through nerve pain but radiation pain coming from his back down into his thigh."

■■ The defendant relied upon the proposition that pain alone is not compensable. *Lindeman v. State Indus. Acc. Comm.*, 183 Or 245, 250, 192 P2d 732 (1948). That literally is correct; however, "the disabling effect of such [pain] may be considered in determining the disabling effect of any particular injury." *Wilson v.*

*State Ind. Acc. Comm.,* 189 Or 114, 124, 219 P2d 138 (1950).

■ The Department also points out that under the statutory scheme of compensation in which certain scheduled benefits are provided for the disability of different parts of the body, benefits cannot be awarded for disability of part A caused by an injury to part B. This is the reasoning of *Graham v. State Ind. Acc. Com.,* 164 Or 626, 102 P2d 927 (1940), in which plaintiff had injured a thumb. (There are scheduled benefits for disability of the thumb.) The plaintiff claimed the injury to his thumb disabled his hand and, therefore, he should be awarded the scheduled benefits for disability of the hand. The court held: "Where a workman's injury is confined to his thumb and there are no unusual or unexpected complications attending injury, compensation for disability resulting from such injury cannot be made on the basis of an injury to the hand."

The court, however, on the same day decided *Kajundzich v. State Ind. Acc. Com.,* 164 Or 510, 102 P2d 924 (1940), in which there was evidence that an injury to the workman's foot caused anesthesia in his leg and the consequent disability of such leg. A verdict awarding benefits because of the disability of the leg was affirmed.

In the present case there is evidence that the injury to the back caused disabling pain in the leg and this will support a verdict awarding benefits for the partial loss of the use of such leg.

Affirmed.