Argued February 13, affirmed April 9, petition for rehearing denied June 9, 1970. Petition for review denied by Supreme Court July 21, 1970

AUDAS, *Respondent, v.* GALAXIE, INC., *Appellant.*

467 P2d 654

*Daryll E. Klein,* Portland, argued the cause for appellant. With him on the briefs were McMenamin, Blyth, Jones, Joseph & Lang, Portland.

*John J. Haugh,* Portland, argued the cause for respondent. With him on the brief were Donald R. Wilson and Pozzi, Wilson & Atchison, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

This is a workmen's compensation case. The claimant, a roofer by trade, was applying hot tar and gravel to a roof when he stepped in some hot tar, slipped and fell on his back, and injured his arm, shoulder, and low back. At the time of the accident claimant was 42, had an eighth grade education and had spent 23 years as a roofer. He had been earning in excess of $10,000 per year at his roofing occupation prior to the accident.

Following the accident, claimant was examined and treated by several different doctors and his shoulder was operated upon twice. He has been unable by reason of disability to return to his former occupation as a roofer. His partial loss of use of his left arm

through both pain and muscle atrophy, and loss of grip in his left hand will not permit him to resume his roofing occupation, as he cannot handle the roof mop, weighing about 35 pounds, or manage the frequent lifting of heavy roofing material and tools. He is presently being retrained in an effort to make it possible for him to perform work of a lighter nature.

The Closing and Evaluation Section of the Workmen's Compensation Board closed his claim with an award of 30 per cent loss of use of the left arm and 5 per cent loss of an arm by separation for unscheduled disability. Claimant requested a hearing and the hearing officer increased the award to 50 per cent loss of use of the left arm and 25 per cent loss of an arm by separation for unscheduled disability. The Workmen's Compensation Board affirmed this award. On appeal to the circuit court the award of 50 per cent loss of use of the left arm was affirmed and the award of 25 per cent loss of an arm by separation for unscheduled disability was increased to 70 per cent. A tabulation of the awards is as follows:

|  | Per Cent Loss of Left Arm— Scheduled | Per Cent Unscheduled |
|---|---|---|
| Closing and Evaluation Section | 30 | 5 |
| Hearing Officer | 50 | 25 |
| Workmen's Compensation Board | 50 | 25 |
| Circuit Court | 50 | 70 |

The employer then appealed to this court.

■ First, the employer argues that insufficient weight was accorded the findings of the hearing officer. It is the rule in these cases that although the appellate

court reviews the record *de novo,* it is entitled to take into account the administrative agency's expertise. *Romero v. Compensation Department,* 250 Or 368, 440 P2d 866 (1968). And where credibility is an issue the reviewing tribunal may give attention to the opportunity of the hearing officer to have seen and heard the witnesses. *Moore v. U.S. Plywood Corp.,* 1 Or App 343, 462 P2d 453 (1969); *Satterfield v. State Comp. Dept.,* 1 Or App 524, 465 P2d 239 (1970).

■ In this case credibility of witnesses was not an issue. The medical evidence consisted only of doctors' reports which were available to the hearing officer and all other reviewers. The circuit court's finding was that the claimant's limited mental abilities and lack of education were serious obstacles to his performing other than "menial and light work such as clerical activities." The circuit court on this basis increased the unscheduled disability award to 70 per cent loss of an arm by separation for unscheduled disability and affirmed the award of 50 per cent loss of use of the left arm which had previously been set by the hearing officer and approved by the Workmen's Compensation Board. The circuit court did not disagree with any finding of fact of the hearing officer, but rather, made a new and additional finding consistent with, but differing in degree from, the hearing officer's finding that "claimant has sustained a greater disability than that heretofore awarded."

■ Secondly, the employer urges that claimant's disability is almost entirely related to the arm and should be treated as a scheduled rather than unscheduled disability.

Dr. Wilmer Cauthorn Smith, former chief medical advisor to the Oregon State Industrial Accident Com-

mission, states in his book, *Principles of Disability Evaluation* (1959), that the arm includes the shoulder joint. He acknowledges, however, that the "boundary between the arm and the unscheduled trunk * * * is not sharp." pps. 121-22. The discussion following brings into question his conclusion that the arm and shoulder are one.

"Shoulder" is defined by Dorland, The American Illustrated Medical Dictionary 1359 (22nd ed 1951), as:

> "The junction of the arm and trunk; also that part of the trunk which is bounded at the back by the scapula."

Webster's Third New International Dictionary 118, 2104 (1969) defines "arm" as "the part of an arm between the shoulder and the wrist," and "shoulder" as "* * * the bones and joints by which the arm is connected with the trunk and the muscles covering them."

ORS 656.214(2)(a) lists "* * * the loss of one arm at or above the elbow joint * * *" as a scheduled disability. There is no separate schedule providing for a disability rating for a shoulder. The version of ORS 656.214(4) (the provision for unscheduled disabilities) which was in effect on the date of claimant's injury, January 31, 1967, provided:

> "In all other cases of injury resulting in permanent partial disability, the number of degrees of disability shall be computed by determining the disabling effect of such injury as compared to the loss [of an arm] * * *."

No Oregon Supreme Court cases have been cited nor has our research disclosed any, which have dif-

ferentiated with particularity, for workmen's compensation purposes, the shoulder and the arm.

One of the treating orthopedists, Dr. A. Gurney Kimberley, made a medical determination of an unscheduled disability. The Closing and Evaluation Section of the Workmen's Compensation Board, the hearing officer, the Workmen's Compensation Board, and the circuit court all found and made award for unscheduled disability as well as an award for the left arm.

While not binding on this court, it is interesting to note the discussion of the shoulder versus arm disability in a Multnomah County Circuit Court case. There, in his conclusions of law, Judge Loren Hicks held:

> "The shoulder is an unscheduled part of the human body under Chapter 656, Oregon Revised Statutes. An industrial injury to the shoulder that results in permanent partial disability in the shoulder entitles the workman to an award for unscheduled permanent partial disability.
>
> "An industrial injury to an arm that causes an indirect injury to the shoulder and that results in a permanent partial disability in both the arm and the shoulder entitles the workman to separate awards * * *." *In the Matter of the Compensation of C. J. Tourville, Claimant,* Multnomah County Case No. 334-575 (1968).

We conclude that the shoulder is separate from the arm and should receive some disability award.

■ The final question, then, is whether 70 per cent loss of an arm by separation for unscheduled disability is a reasonable award in this case.

In *Ryf v. Hoffman Construction Co.*, 254 Or 624, 459 P2d 991 (1969), the Supreme Court held that

loss of earnings was a factor to be considered in awarding permanent partial disability for an unscheduled back injury. As pointed out by the dissent in that case, this is a radical departure from the prior law where evidence of earnings was irrelevant. The *Ryf* case was not decided until October 22, 1969, so neither the hearing officer nor the circuit court had knowledge of the earning loss concept which is now part of the Oregon law.

The evidence in this case indicates earnings by claimant of $14,278 in 1965 and $11,344 in 1966. He was injured January 31, 1967, and had earned nothing from that date to the date of the hearing in January 1969. This, coupled with the circuit court's finding, in which we concur, that he is precluded from his roofing occupation and that his eighth grade education and his lack of intellectual resources disqualify him for livelihood purposes from anything except menial and light work such as clerical activities, renders the award of 70 per cent loss of an arm by separation for unscheduled disability fully justified by the evidence.

Affirmed.