Argued June 15, reversed and remanded September 10, modified
and petition for rehearing denied November 23, 1970, petition
for review allowed by Supreme Court February 9, 1971.

## FOSTER, *Appellant, v.* STATE ACCIDENT INSURANCE FUND, *Respondent.*

474 P2d 20
476 P2d 933

*Gary K. Jensen,* Eugene, argued the cause for appellant. With him on the brief were Dwyer & Jensen, Eugene.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

This is a workmen's compensation case. On December 28, 1967, claimant, a 58-year-old boilermaker, fell through a hole in a scaffolding, and would have fallen 40 feet had he not caught himself with his left arm. In so doing he injured his left shoulder. The Closing and Evaluation Division accepted the claim and awarded scheduled disability equal to 15 per cent loss of the left arm. Claimant appealed and the hearing officer increased the scheduled award to 25 per cent, but denied the request for an award for unscheduled disability. The Workmen's Compensa-

tion Board and the circuit court affirmed this award. Claimant appeals to this court, making two assignments of error.

Claimant contends the court erred in not granting a greater award for scheduled permanent partial disability.

██ The hearing officer awarded 25 per cent scheduled disability. The claimant, his wife, and others testified at the hearing before the hearing officer, and his evaluation as to credibility is entitled to weight by this court. *Moore v. U. S. Plywood Corp.*, 1 Or App 343, 462 P2d 453 (1969); *Satterfield v. State Comp. Dept.*, 1 Or App 524, 465 P2d 239 (1970); *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931, Sup Ct *review denied* (1971). The Workmen's Compensation Board and the circuit court reached the identical result as the hearing officer. The medical reports described claimant as an individual who over-reacts, his symptoms were described as mild, and the hearing officer was unable to observe any atrophy of the left arm. We see no reason to increase the award of 25 per cent.

Claimant also contends the court erred in not granting an award for unscheduled disability.

The doctors involved described claimant's injury as follows:

Dr. W. J. McHolick, who examined claimant on the day of the accident for the State Accident Insurance Fund: "Abduction sprain, left shoulder, with apparent complete disruption of rotator cuff."

Dr. Douglas G. Cooper, Medical Director for the State Compensation Department, called in for consultation by Dr. McHolick: "His left shoulder is

swollen and discolored and has practically no movement. He probably has a complete tear of the rotator cuff which requires surgery."

Dr. James R. Degge, State Accident Insurance Fund doctor who examined claimant at claimant's request: "This workman has sustained a hyperextension injury of the left arm, which is his dominant arm, as a result of the accident under consideration, resulting in a fracture of the tuberosity of the humerus, and a possible rotator cuff tear."

Dr. Degge (after a second examination of claimant): "This workman sustained an impacted fracture of the tuberosity of the humerus which is now well healed. He also has a calcific supraspinatus tendinitis which has, no doubt, contributed to the chronicity of his symptoms. There may be a small rotator cuff tear present. His symptoms are mild to moderate. He is inclined to over-exaggerate and over-react whenever he is asked to move the left arm."

Dr. Donald L. Stainsby, who examined for claimant, concurred with Dr. Degge's evaluation that claimant had a rotator cuff tear in the left shoulder. He also estimated that claimant has suffered an unscheduled disability equal to 50 per cent loss of function of an arm.

These reports show that claimant suffered an injury to his shoulder and that his shoulder is disabled as a result. There is no unhealed injury to the arm itself; it is disabled because of the shoulder. Therefore, as a result of this injury, the left shoulder is injured and disabled, and the left arm is consequently disabled. Compensation is paid for disability, not injury, and disability to the shoulder is unscheduled dis-

ability. *Audas v. Galaxie, Inc.*, 2 Or App 520, 467 P2d 654, Sup Ct *review denied* (1970).

The State Accident Insurance Fund argues that claimant should not receive double compensation for this one injury. However, since claimant's arm and shoulder are both disabled, and the shoulder is separate from the arm, claimant should receive awards for each.

■ The remaining question under this assignment is how much should be awarded for the shoulder. Dr. Stainsby evaluated claimant as having a 50 per cent loss of use of arm unscheduled disability. He did not mention any scheduled award, however.

In 1967 claimant worked 1,151 hours and earned $6,035.20, according to the records of the Boilermakers Union. Claimant returned to work in July 1968, and worked about three months out of the last half of 1968. He did not substantially decrease the amount of time spent at work once he returned to work, as the records indicate he had worked approximately one-half of 1967's potential working time.

We believe an award of 25 per cent of an arm for unscheduled disability should be made.

Reversed and remanded for entry of an order consistent with this opinion.

### ON PETITION FOR REHEARING

Workmen's compensation case. The Circuit Court, Lane County, Edwin E. Allen, J., affirmed award of Workmen's Compensation Board which upheld hearing officer's award of 25% scheduled disability for loss of left arm, and claimant appealed. The judgment was reversed and remanded for entry of order consistent with opinion at 4 Or App 50. On petitions for rehearing, the Court of Appeals, Foley, J., held that where injury was not to arm as such but to shoulder, an unscheduled member, resulting in both shoulder and arm disability, claimant was entitled to single award of 30% of a man for unscheduled disability.

Former opinion modified; rehearing denied.

Gary K. Jensen and Dwyer & Jensen, Eugene, for appellant.

Lee Johnson, Attorney General, Jacob B. Tanzer, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

■ Upon the filing of petitions for rehearing by both appellant and respondent, we have re-examined our former holding and conclude that it must be modified.

In our original opinion, *Foster v. State Accident Insurance Fund,* 4 Or App 50, 474 P2d 20 (1970), we said that since claimant's arm and shoulder are both disabled and the shoulder is separate from the arm, claimant should receive awards for both. This was in line with *Walker v. Compensation Department,* 248 Or 195, 432 P2d 1018 (1967). In that case the injury

was to claimant's back, not his leg, but the court upheld an unscheduled back disability award equal to 45 per cent loss of use of one arm and a scheduled disability award to the extent of 25 per cent loss of use of the right leg because the leg was disabled by referred back pain. At that time ORS 656.214 (4) provided that an unscheduled disability award be computed by comparing the disabling injury to any scheduled body member, but not to exceed 192 degrees.[1] However, effective July 1, 1967, ORS 656.214 (4)[2] was amended to increase the possible number of degrees for the consequences of unscheduled injury from 192 to 320. The amendment also eliminated the reference to loss of a scheduled member. The new formula is apparently based on the "whole man" concept. See opinion on rehearing in *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

It appears, therefore, that the legislature, by enacting the 1967 amendment, intended that there be but one award where, as here, the injury was not to the arm as such but to the shoulder, an unscheduled member, resulting in both shoulder and arm disability. We failed to consider this amendment in our former opinion. We conclude, therefore, that the former award, which included both a scheduled and an unscheduled

[1] "In all other cases of injury resulting in permanent partial disability, the number of degrees of disability shall be computed by determining the disabling effect of such injury as compared to the loss of any member named in the schedule in this section, not exceeding, however, 192 degrees." ORS 656.214 (4).

[2] "In all other cases of injury resulting in permanent partial disability, the number of degrees of disability shall be a maximum of 320 degrees determined by the extent of the disability compared to the workman before such injury and without such disability." ORS 656.214 (4). (Amended by Oregon Laws 1967, ch 529, p 1241.)

award, should be modified pursuant to the 1967 amendment. We find that a single award of 30 per cent of a man (96 degrees) for unscheduled disability is proper in this case.

Former opinion modified; rehearing denied.