476 P.2d 931 (1970)
In the matter of the Compensation of Howard H. HANNAN, Claimant.
Howard H. Hannan, Respondent,
v.
GOOD SAMARITAN HOSPITAL, Appellant.
Court of Appeals of Oregon, In Banc.
Argued on rehearing September 21, 1970.
Former opinion filed June 11, 1970.
Decided November 23, 1970.
*932 William L. Hallmark, Portland, argued the cause for appellant on rehearing. With him on the brief were McMenamin, Blyth, Jones, Joseph & Lang, Portland.
John J. Haugh, Portland, argued the cause for respondent on rehearing. With him on the brief were Pozzi, Wilson & Atchison, Portland.
Before SCHWAB, C.J., and FOLEY, FORT and BRANCHFIELD, JJ.[*]
Former opinion filed June 11, 1970. Or. App., 90 Adv.Sh. 1517, 471 P.2d 831.
SCHWAB, Chief Judge.
As pointed out in our original opinion, the workman in this case injured his left shoulder. This injury manifested itself in stiffness and pain in the shoulder. An additional indirect result of the injury was partial loss of use of the left arm. We affirmed an award of compensation for an unscheduled injury equal to 90% loss by separation of an arm.
The crux of the employer's argument on rehearing is that this court erred in affirming an unscheduled disability rating when none of the evidence indicated a disability in the shoulder area. The employer's argument is that since all of the evidence reflected a disability which manifested itself in the arm only, and none of the evidence indicated a disability to the shoulder, the workman should have been confined to an award for loss of use of a scheduled area of the body (the arm). We do not find such to be the fact. The arm itself was not injured. The injury resulted in little or no pain in the arm itself. The stiffness and pain were in the shoulder. For all practical purposes the loss of use of the arm was due solely to the inability to manipulate the shoulder. We adhere to our decision in Audas v. Galaxie, Inc., Or. App., 90 Adv.Sh. 959, 963, 467 P.2d 654, 656 (1970), in which we held:
"`The shoulder is an unscheduled part of the human body * * *. An industrial injury to the shoulder that results in permanent partial disability in the shoulder entitles the workman to an award for unscheduled permanent partial disability.' In the Matter of the Compensation of C.J. Tourville, Claimant, Multnomah County Case No. 334-575 (1968)."
The employer then argues that if we find as a fact that the injury to the shoulder was an unscheduled injury, in measuring and making an award for the workman's resultant disability we must compute it by making one award for that part of his disability due to the shoulder injury and a separate award for that part of his disability due to the resultant loss of use of the arm. The accident in question happened prior to July 1, 1967. The statutory provision in effect at the time of the accident provided that in all cases of unscheduled injury resulting in permanent partial disability the number of degrees of disability was to be computed by determining the disabling effect of such injury as compared to the loss of a scheduled member of the body not exceeding, however, 192 degrees. 192 degrees was and is the number of degrees provided for loss of an arm above the elbow by separation. This is the highest number of degrees authorized for the loss by separation of any member of the body (limb or portion thereof). In support of his position the employer cites several cases, the most closely analogous of which is Walker v. State Compensation Department, 248 Or. 195, 432 P.2d 1018 (1967). In that case the plaintiff *933 had injured his back. As a result of the injury he had disability in his back and pain in his leg which was found to be radiation pain coming from his back down into his thigh. The court there held that since there was evidence that the injury to the back caused disabling pain in the leg a verdict awarding benefits for both an unscheduled injury to the back and a scheduled injury to the leg was proper. The Walker case is distinguishable from the case at hand. In Walker the result of the accident was disabling pain in both the back and the leg. Here the disabling pain and stiffness was confined to the shoulder. The arm was affected only in the sense that the shoulder manipulates the arm, and a disabled shoulder is restricted in its ability to do so. The case at hand is more analogous to Graham v. State Ind. Acc. Comm., 164 Or. 626, 102 P.2d 927 (1940), in which the court held:
"* * * Where a workman's injury is confined to his thumb and there are no unusual or unexpected complications attending injury, compensation for disability resulting from such injury cannot be made on the basis of an injury to the hand * * *." 164 Or. at 628, 102 P.2d at 928.
The employer apparently raises this point because he contends that while we must taken into consideration loss of earning capacity in the case of an unscheduled injury, Ryf v. Hoffman Construction Co., 254 Or. 624, 459 P.2d 991 (1969), we may not do so in the case of a scheduled injury. Despite our opinion in Trent v. Compensation Dept., Or. App., 90 Adv.Sh. 725, 466 P.2d 622 (1970), there may be some merit in this contention. However, we need not reconsider that holding in this case in view of our finding that here the entire award of compensation must be based on an unscheduled injury. We further note that as to all workmen's compensation claims arising out of accidents which occurred subsequent to July 1, 1967, the matter of making one award for an injury to an unscheduled portion of the body, and another award for the indirect consequences of that injury to a scheduled member,[1] is moot.[2] The current statutory provision no longer confines compensation for unscheduled disability to an amount not to exceed that which might be awarded for the loss of a member. The present law, ORS 656.214, after setting forth the awards to be made for loss of use or loss by separation of various members of the body, provides in subsection (4):
"In all other cases of injury resulting in permanent partial disability, the number of degrees of disability shall be a maximum of 320 degrees determined by the extent of the disability compared to the workman before such injury and without such disability."
Former opinion adhered to.
NOTES
[*] LANGTRY, J., did not participate in this decision.
[1] See not only Walker v. State Compensation Department, 248 Or. 195, 432 P.2d 1018 (1967), but also Kajundzich v. State Ind. Acc. Comm., 164 Or. 510, 102 P.2d 924 (1940).
[2] See supplemental opinion in Foster v. S.A.I.F., Or. App., 476 P.2d 933, handed down today.