Argued May 25, affirmed July 15, 1971

BIVENS, *Appellant, v.* WEYERHAEUSER
COMPANY, *Respondent.*

487 P2d 119

*Marvin E. Hansen,* Eugene, argued the cause for appellant. With him on the brief were Hansen, Curtis & Strickland, Eugene.

*J. W. McCracken, Jr.,* Eugene, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

This appeal involves the issue of whether a 51-year-old logger is unable to work at a gainful and suitable occupation as a result of injuries sustained when he was struck by a large rock in May of 1967.

Claimant recovered from the injuries with minimal residual physical effects. The issue is whether he is permanently and totally disabled by reason of a functional overlay, or whether his condition is not yet stationary. The Closing and Evaluation Division of the Workmen's Compensation Board made an award of 38.4 degrees for unscheduled disability. The hearing officer found the workman to be permanently and totally disabled. The Workmen's Compensation Board found that very little consideration had been given to the claimant's mental as distinguished from his physical handicaps It further found that it could not say from the record, absent further evaluation and treatment, that his disabilities were permanent and entered an order in pertinent part as follows:

"The Board concludes and finds that the claim

was prematurely closed and that the claimant has been temporarily and totally disabled since the accident from the combination of the physical and psychiatric problems.

"It is accordingly ordered that the order of determination finding permanent partial disability and the order of the Hearing Officer be set aside and the claimant, with appropriate offset for compensation paid as permanent partial disability and permanent total disability, be reinstated as temporarily and totally disabled.

"It is further ordered that the claimant report to the Physical Rehabilitation Center maintained by the Workmen's Compensation Board for the institution of psychological and psychiatric consultation and treatment as found suitable by the Physical Rehabilitation Center directed toward the resolution of the psychiatric problems as they affect the possible return of this workman to some suitable employment. The expense of this procedure is to be a claim cost to the employer.

"Upon the conclusion of such psychological and psychiatric consultations as are deemed appropriately a part of the claimant's rehabilitation, the matter shall again be referred to the Closing and Evaluation Division of the Workmen's Compensation Board for re-determination of the extent of claimant's disability. Such re-determination is of course to be subject to hearing, review and appeal.

"The Workmen's Compensation Board deems this to be an interim order and not finally determinative of the issue of the extent of claimant's permanent disability."

■ The trial judge agreed with the Workmen's Compensation Board. The workman, being dissatisfied with anything short of an immediate finding of permanent total disability, has appealed to this court. In this case we give no particular weight to the find-

ings of the hearing officer because the resolution of the matter before us must be based largely on the evaluation of medical evidence which for the most part came to the hearing officer in the form of opinion letters rather than oral testimony. See *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

■ Our *de novo* review of the record leads us to the conclusion that we cannot say with any degree of conviction what the proper result should be in this case and we therefore defer, as did the circuit court, to the Workmen's Compensation Board and affirm the result reached by it. *Hannan v. Good Samaritan Hosp.,* supra, 4 Or App at 193.

Affirmed.