Argued January 21, affirmed February 25, 1972

HELD, *Respondent, v.* HELD (No. D-1320),
*Appellant.*

493 P2d 1388

*David A. Vinson,* Eugene, argued the cause for appellant. With him on the brief were Sahlstrom, Starr & Vinson, Eugene.

Warren A. McMinimee and McMinimee & Kaufman, Tillamook, filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

The husband appeals from an order denying his motion to set aside a decree of divorce taken against him by default. He alleges that his wife misled him into believing that she had dismissed her suit and therefore that the trial court abused its discretion when it refused to set aside the decree on grounds of excusable neglect. ORS 18.160.

The wife filed a complaint for divorce in Washington County, August 15, 1969, on grounds of cruel and inhuman treatment. ORS 107.030 (6). Shortly before, she had left the family home in Madras, Oregon. The husband was served with summons, a copy of the complaint, and a show cause order on August 20, 1969. The wife obtained a preliminary custody, support and attorney fee order on September 22, 1969; and her attorney sent a copy of this order to the husband with a covering letter. A default divorce decree was entered October 15, 1970, and became final December 14, 1970.

The husband consulted an attorney in Madras soon after he had been served. Since the husband wanted to reconcile with his wife, the attorney recommended they see a marriage counselor. The couple met

with a marriage counselor once in the fall of 1969 but they never went back because, the wife claims, the husband refused to let the counselor know that this was his fourth marriage.

The husband, however, continued to believe that he could effect a reconciliation and he made no appearance in the case. As tending to prove that he had been misled, defendant testified that he often saw his wife after they had separated, that his wife stayed with him at a motel when he came to see her, and that she allowed their older child to live with him. The wife admitted that she stayed in motels with defendant "On occasion," but there is no evidence that they ever resumed cohabitation as husband and wife.

There was direct conflict in the testimony in regard to the prosecution of the divorce suit. The wife denied that she ever told her husband that she would dismiss the suit and testified that she never considered reconciliation after their visit to the marriage counselor. The husband hired a second attorney in Clackamas County. There is evidence that as late as May 1970 the husband knew that the divorce suit was still pending.

■ A motion to set aside a default decree rests in the sound discretion of the trial judge and his ruling will not be reversed except for manifest abuse of such discretion. *Day v. Day,* 226 Or 499, 500, 359 P2d 538 (1961), and cases cited therein.

■■ Where the issue turns upon the credibility of the witness, as it does here, we place great reliance on the trial court's determination. *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971); *Cookson v.*

*Cookson,* 246 Or 118, 424 P2d 218 (1967). We agree with the determination made by the trial court.

Affirmed.