Argued November 29, 1972, affirmed January 5, 1973

HORN, *Respondent, v.* TIMBER PRODUCTS, INC.,
*Appellant.*

504 P2d 1059

*Robert L. Cowling,* Medford, argued the cause for
appellant. With him on the briefs were Ford & Cowling,
Medford.

*Lyle C. Velure,* Medford, argued the cause for respondent. With him on the brief were Collins, Redden, Ferris & Velure, Medford.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

PER CURIAM.

This workmen's compensation case presents the question whether the claimant's present admitted condition of total disability is the result of aggravation of a compensable injury he sustained in 1967. ORS 656.271.

■ The hearing officer, the Board and the circuit court each independently concluded that it was. We have examined the record de novo in its entirety. *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971). The problem presented essentially is a fact question. Two doctors testified on the crucial issue, and differed thereon. We, too, conclude that the preponderance of the evidence favors the decision previously reached by the hearing officer, the Board and the circuit court.

A recitation of the facts and medical opinions derived therefrom will add only length to this opinion.

■ The employer also contends attorney fees should not have been awarded claimant by the Board in connection with the employer's request for review to the Board. We disagree. Recently in *Giese v. Safeway Stores,* 10 Or App 452, 499 P2d 1364, 501 P2d 982, Sup Ct *review denied* (1972), we discussed at length the rules applicable to cases where the employer appeals

decisions of the hearing officer, or of the Board, or of the circuit court.

Here the employer has been the appellant every step of the way. Thus under the *Giese* holding this assignment of error is also without merit. ORS 656.382(2).

Affirmed.