Argued May 20, affirmed June 16, reconsideration denied
July 30, petition for review denied September 3, 1975

PIKE, *Appellant; v.* BRATTAIN
INTERNATIONAL, INC. (No. 86337), *Respondent.*

536 P2d 542

*Rolf T. Olson,* Salem, argued the cause for appellant. With him on the brief were Dye & Olson, Salem.

*Keith D. Skelton,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Claimant filed a claim asserting the sustaining of a back injury on February 12, 1973. The claim was originally accepted by the employer's insurance carrier, Liberty Mutual Insurance Company, and temporary benefits paid. Some months later, on the basis of additional information, the insurance carrier denied the claim.

Thereafter a hearing was requested and held. The referee held that the claimant had not sustained his burden of establishing that he had sustained a compensable on-the-job injury and denied the claim. Upon review the Workmen's Compensation Board affirmed the order. Claimant appealed to the circuit court, which affirmed the order of the Board. Claimant has appealed that judgment order to this court.

The crucial question presented by this appeal is that of the credibility of the witnesses. The sole witness called by the claimant was himself. The employer presented three fellow workmen and the company manager.

The employer carried two kinds of coverage for its employes, one with Liberty Mutual Insurance Company for job-related injuries covered by the Workmen's Compensation Act, the other for nonwork-related injuries and conditions with Aetna Insurance Company. Claimant asserted he was injured when he slipped while engaged with another employe in pushing a heavy truck into position where it could be worked upon. He did not claim to have fallen. None of the fellow employe witnesses observed claimant slip. More importantly, they all testified that during a coffee break conversation occurring in that general period of time, all recalled that claimant had said he had injured his back while riding a motorcycle which turned over backwards causing him to land

on his back. Claimant filed his claim two weeks after the alleged on-the-job injury had occurred.

One of his fellow workmen testified:

"Q. Did you ever discuss with him why he didn't file a claim under the off-the-job insurance?

"A. I asked him at the time why he didn't file with the Aetna policy that we have.

"Q. What was his answer to that?

"A. He stated that he would have a better chance of getting a cash settlement with Liberty Mutual than he would from Aetna."

Claimant denied the conversation.

The referee found:

"Claimant was not a credible witness. His testimony was impeached.

"* * * * *

"I conclude that claimant's testimony is untrustworthy and that evidence which must rely on his credibility for its foundation is also not acceptable."

■■ When the determinative issue is the credibility of the witnesses, we have repeatedly stated that we give "great weight" to the conclusion of the referee concerning that issue because he alone had the opportunity to see and hear the witnesses. *See: Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971), and cases therein cited. This is such a case. We agree that claimant has not sustained his burden of establishing that he sustained an on-the-job injury.

Affirmed.