Argued November 18, reversed December 15, 1975

BARCHECK, *Respondent*, *v*. STATE ACCIDENT
INSURANCE FUND (No. 415-593), (CA 4985),
*Appellant*.

543 P2d 32

*Janet A. Metcalf*, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Ladd Lonnquist*, Portland, argued the cause for respondent. On the brief were Pozzi, Wilson & Atchison and Jan Thomas Baisch, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

State Accident Insurance Fund took this appeal from a circuit court determination that claimant had incurred a back injury in the course of his employment as a carpenter. Previously, a referee and the Workmen's Compensation Board had rejected the claim.

The fundamental question turns on credibility of the claimant. He has a long history of lower back trouble, and has made claims for the more serious attacks, but often has doctored himself for those less painful. Some 20 years previously he had a double hernia repair.

Claimant testified that on September 27, 1972 while carrying a heavy door he slipped and felt back pain and a burning sensation in the lower abdomen. He continued working through June 1973 without treatment or making a claim. He testified he felt pain again on June 6, 1973 while doing heavy work, but again made no immediate claim, and continued working. At the conclusion of his then current job, about the end of June 1973, having almost attained the age of 65, he retired. On July 16, 1973 he went to a doctor, and was admitted to a hospital. On that date he made a compensation claim for "Hernia—Left." The claim form he made out and signed described the September 27, 1972 incident, and it made no mention whatever of any back injury or pain or the June 6, 1973 incident. Claimant testified, however, and the doctor's report shows, that he was then suffering severe back pain which had exacerbated for the preceding several days. On September 25, 1973 he made out and signed a claim for back injury occurring on June 6, 1973 when he "[l]ifted plank and slipped."

The hernia claim was allowed and no issue here concerns it. If the back injury occurred on the job in

June, and claimant's back hurt as badly as he said it did in July, we cannot understand why, when he made out and signed the hernia claim in July, he made no claim on account or mention of the back injury. The referee rightly questioned claimant's credibility, and held that claimant failed to carry his burden of proof.

The referee had all the record we have, plus the experience of hearing and seeing the only witness. Under these circumstances we give substantial weight to his findings based on credibility. *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971). We come to the same conclusion he did.

Reversed.