Argued December 22, 1975, affirmed January 19, 1976

NELSON, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 75-1394-E-1, CA 5149)
544 P2d 608

*R. Ray Heysell,* Medford, argued the cause and filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

**LANGTRY, J.**

Claimant sought workmen's compensation for a back condition which required extensive surgery, claiming it resulted from an injury incurred on her job as a fry cook on November 13, 1973 when she picked up a loaded bus tray. Her claim was denied. The referee, the Workmen's Compensation Board and the circuit court successively upheld the denial, each for the reason that she was found not to have carried her burden of proving the condition arose from an on-the-job injury. On this appeal, we come to the same conclusion.

Claimant unequivocally testified before the referee that at the time of the claimed injury she told a fellow worker about it. The fellow worker, not called as a witness by claimant but by employer, testified there was no such conversation. Questioned closely on this point on cross-examination this witness convincingly said: "The only reason I remember it was because nobody ever mentioned anything about a bus tray to me." When this is coupled with the facts that claimant did not make out a compensation claim form until well after she was in the hospital and it was apparent she must have surgery, that the doctors' records indicate she initially related no bus-tray incident to any of several she gave histories to, and that her employer emphatically denied she reported any such incident to her but did relate a hip injury incurred at about that date while dancing, it leaves the balance of the evidence preponderating against claimant. On a question of credibility like this, we give substantial weight to the findings of the referee who saw and heard the witnesses. *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

Affirmed.