# WILLS, *Appellant,*
*v.*
# STATE ACCIDENT INSURANCE FUND,
*Respondent.*
## (No. 419-333, CA 5612)
549 P2d 688

*Alan Brickley,* Portland, argued the cause for appellant. On the brief were Peterson, Susak & Peterson, P.C., and Frank J. Susak, Portland.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Lee, Judges.

LANGTRY, J.

**LANGTRY, J.**

In this workmen's compensation case claimant is seeking a permanent total disability award on account of a back injury, asserting he falls within the "odd-lot category." *See Deaton v. SAIF,* 13 Or App 298, 509 P2d 1215 (1973); *Jenness v. SAIF,* 8 Or App 95, 493 P2d 73 (1972). He suffered a back injury in 1971 while handling lumber, although his usual occupation was truck driving. He had formerly had an L4-5 spinal fusion following a back injury in 1961. The 1971 injury occurred when claimant was 51 years old and resulted in two more fusion operations in the same spinal area. He complains of continual back and leg pain which precludes him from doing any work.

The referee questioned claimant's credibility and awarded only 25 percent disability. The Workmen's Compensation Board raised this to 50 percent and the circuit court affirmed that award. We affirm.

The claimant's evidence, including medical reports, does not impress us as making a prima facie case for total disability. Dr. Thompson, who did the last spinal fusion in September 1973, reported in January 1975:

"* * * * *

"In conclusion, Mr. Wills has undergone three back operations for low back pain. He has improved after his last surgery and does have what appears to be a solid fusion. He is continuing to have back pain which I think is a result of his multiple back operations. I feel he is medically stationary and is permanently disabled as far as returning to the kind of work he did prior to the injury. Whether or not he can be rehabilitated through a course of vocational rehabilitation is questionable.

"* * * * *."

Two 1974 reports from Dr. Thompson ascribed the principal cause of claimant's disability to emphysema, but in the 1975 report, from which the above quotation is taken, he indicated that he accepted claimant's recent statement that emphysema was presently no material factor in his claimed disability.

[ 439 ]

The medical reports cause us to question the extent of the injury-related disability. Further, the Back Evaluation Clinic in November 1972, after examination of claimant by two orthopedists and a neurologist, reported:

"* * * * *

"This patient is probably unable to return to his work as a truck driver, but he would be able to do a lighter type of work. * * * The loss of function of the injured part due to this particular injury is considered in the range of mild."

In the light of these reports, and in view of the referee's doubts about claimant's credibility (*see Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 192, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971)) and the consideration we give the administrative expertise of the Workmen's Compensation Board, which doubled the referee's award (*see* 4 Or App at 193), we conclude, de novo, that claimant has failed to carry the burden of proving greater permanent total disability. We consider this conclusion to be consistent with *Jenness v. SAIF,* supra, which is relied upon by claimant. We agree with the award made by the Workmen's Compensation Board and the circuit court.

Affirmed.