JOSEPH, J.
Wife appeals from the denial of her motion to vacate a decree of dissolution. The decree was entered against her by default on April 26, 1976. Her motion was filed on January 24, 1977. It alleged that the decree should be set aside under ORS 18.160.[1] In the accompanying affidavit wife alleged in particular that the property settlement agreement incorporated in the decree was grossly inequitable; that she signed the agreement without knowledge of her rights and without legal counsel or advice, under duress and in fear for her life and physical well-being; that she was advised by husband not to seek legal counsel with regard to the dissolution; that she was "without knowledge of the law or of the business”; and that she was not notified of the date that the default decree was taken.
The evidence presented at the hearing on the motion negated several of these allegations, and the circuit court found that the decree was not procured as the result of duress, mistake, inadvertence, surprise or excusable neglect. The court did find that the property settlement agreement was inequitable but nonetheless refused to set aside the decree. On appeal, wife concedes that there was no mistake, inadvertence, surprise or excusable neglect, and relies solely upon what she denominates "duress” and upon the claimed gross inequity of the property settlement agreement.
Husband and wife were married 18 years and had three children. Neither wife nor husband brought a significant amount of assets to the marriage, but in their years together they accumulated considerable property, including a 350-acre farm with a house, farm equipment, livestock and an automobile. The value of *[826] these assets is in dispute. Wife claims that the real property alone is worth as much as $725,000, while husband claims that it is worth less than $300,000.
After an argument in 1974, husband asked what wife would want if they separated, and she indicated in writing that she would be satisfied with $50,000, the car and some corporate stock. As a result of further marital problems, wife moved out of the house and to another city in September, 1975, leaving the children with husband. After the separation, the parties went together to an attorney. After ascertaining that there was no dispute as to a proposed property division, and after advising wife to retain her own attorney, he agreed to draw up a property settlement agreement reflecting wife’s wishes as expressed in 1974. She did not object. Later she requested $2,000 more, and the agreeement was modified to grant her that additional amount and to delete the corporate stock. Husband brought the modified agreement to wife, and she signed it in the presence of a notary while her husband waited outside. Later, wife accepted service of husband’s petition for dissolution (which incorporated the modified property settlement) and signed a waiver and consent to default. She never sought the services of another attorney, despite having been advised to do so.
Wife testified that husband called her in April, 1976, and told her that he had gone to court and that they were divorced. She did not appeal the dissolution; rather, she cooperated in carrying out the property division provisions by signing the necessary deeds transferring property to her ex-husband. She never complained about the property settlement until January, 1977, when she filed the motion to vacate.
The motion to vacate was explicitly based upon ORS 18.160 and the grounds set forth in that provision. Her affidavit in support of the motion also alleged duress and gross inequity, which are not statutory grounds. Much of the evidence presented at *[827] the hearing focused upon the latter two allegations and the trial court made findings thereon.
 The first question is whether duress and gross inequity, not being among the grounds listed in ORS 18.160, are proper grounds for a motion to vacate. It is clear that ORS 18.160 does not provide the exclusive grounds for vacating a decree. Morphet v. Morphet, 263 Or 311, 502 P2d 255 (1972); Harder v. Harder, 26 Or App 337, 552 P2d 852 (1976). In Morphet the Supreme Court noted that "* * * in addition to the power conferred upon the court by that statute, it is well established that an Oregon circuit judge also has inherent power to correct or set aside a previous judgment, provided that it does so within a reasonable time * * *.” 263 Or at 317. Prior to the enactment of ORS 1.055,[2] that inherent power to correct or set aside a previous judgment was limited to the term of court in which the judgment was entered, but the power has always been considered nearly absolute if exercised within the relevant time limitations. See Deering v. Quivey, 26 Or 566, 38 P 710 (1895). ORS 1.055 did not alter the scope of this power. It was, therefore, within the power of the circuit court to vacate the decree of dissolution on the ground of duress or gross inequity, provided the power was exercised within a reasonable time.
The second issue presented is whether the trial court acted properly in denying the motion. A motion to vacate, whether based upon ORS 18.160 or upon other grounds within the court’s inherent power, is directed to the sound legal discretion of the trial court, and we will overturn a decision only for a plain abuse *[828] of that discretion. See Ayers v. Lund, 49 Or 303, 305, 89 P 806, 124 Am St R 1046 (1907); Brandt v. Brandt, 9 Or App 1, 495 P2d 1205 (1972).
 Wife’s testimony as to the alleged duress was sketchy. She claimed that her husband had physically abused her at times during the marriage, that he had remarked that if any woman tried to "take” him for a large settlement he could put out a contract on her life for $3,000, and that in general her husband was so domineering that she was afraid to consult a lawyer or contest the dissolution proceedings in any way. Husband denied these allegations and presented witnesses whose testimony indicated that wife was not dominated by husband. Wife also claimed that she was hoping for reconciliation when she signed the agreement. Where credibility is such a significant issue as it is here we place great reliance upon the trial court’s determination. Held v. Held, 8 Or App 280, 493 P2d 1388 (1972). The circuit court found no duress in the procurement of the decree. That finding was correct.
 We also cannot find any reason for overturning the circuit court’s refusal to vacate the decree on the ground of gross inequity in the property settlement. Although the court found the property settlement inequitable, the court’s power to vacate the decree on that ground, as noted in Harder, is limited by the requirement that it be done within a reasonable time. Wife argues that the "one year” provision of ORS 18.160 should be adopted in this case and that under that provision her motion was timely filed. Harder, however, made it clear that the one year limitation of ORS 18.160 does not apply in this context. 26 Or App at 344. Even if it were to apply, however, it is a limit on the court’s power and does not mean that a motion filed within the year is necessarily timely. In Carmichael v. Carmichael, 101 Or 172, 176, 199 P 385 (1921), the court noted:
"It is a general rule of law that before a defendant can excuse himself under the wholesome provisions of *[829] [ORS 18.160], he must show reasonable vigilance, notwithstanding the statute gives him a year within which to assert his rights.”
In this case, wife waited almost nine months before challenging the decree. During that time she actually helped carry out its provisions by signing necessary deeds. She has presented no new evidence and has explained her delay only by saying that it took her that long, as she phrased it in a deposition, "to figure out how much I’d been screwed.” In Carmichael, the Supreme Court cautioned that the provisions for vacating judgments "* * * are not to be invoked so as to render judgments but temporary structures, 'to be tom down, remodeled or rebuilt whenever the builders feel competent to improve the original workmanship or design.’ * * *” 101 Or at 179. Although the property settlement may well have been inequitable in the sense that it was disproportionate, it was not shown to have been the product of husband’s misconduct or overreaching. Under these circumstances we find no abuse of discretion in the circuit court’s refusal to vacate the decree.
Wife raises an additional issue. She has objected to the allowance to husband of costs for depositions taken of her and of himself. These costs should not have been allowed. Both husband and wife were present at the hearing and able to testify fully. There was no attempt to show that the depositions had been taken with a good faith expectation that any testimony would thereafter become unavailable. Thus, the depositions were not within the provisions of ORS 20.020.[3] See Kendall v. Curl, 222 Or 329, 353 P2d 227 (1960).
Affirmed as modified. Costs to husband.

ORS 18.160:
"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.”

ORS 1.055:
"(1) A term of court is a period of time appointed for the convenient transaction of the business of the court. The existence or nonexistence of a term of court has no effect on the duties and powers of the court.
"(2) Notwithstanding that an act is authorized or required to be done before, during or after the expiration of a term of court, it may be done within a reasonable period of time.”

 ORS 20.020:
"A party entitled to costs shall also be allowed for all necessary disbursements, including the fees of officers and witnesses, the necessary expenses of taking depositions * *