Argued June 26, affirmed as modified September 18, 1978

PATTERSON, *Respondent,*
*v.*
STAYTON CANNING COMPANY, *Petitioner.*
(WCB No. 77-1105, CA 10168)
584 P2d 347

Scott M. Kelley, Portland, argued the cause for petitioner. With him on the brief were Donald O. Costello and Cheney & Kelley, Portland.

David W. Hittle, Salem, argued the cause for respondent. With him on the brief were Rolf Olson and Dye & Olson, Salem.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

The only issue in this worker's compensation case is the extent of claimant's disability. Both the referee and Workers' Compensation Board (Board) found that he was permanently totally disabled.

The record indicates that claimant is 57, 5'9" tall, weighing 262 lbs. He has only an 8th grade education, and is intellectually "slow." He has always performed manual labor. He injured his back in the employer's cannery to the extent that he required a partial hemilaminectomy at L4-5 and L-5, S-1 with disc removal at L4-5. His treating doctor released him to do light work in March, 1975, stating: "Unfortunately, he is not trained to do any work in this line and I cannot see him going back to doing farm work on any type of a regular basis in the foreseeable future." He was reexamined six months later by the same doctor, who stated claimant's condition had not changed. Additionally, claimant called an employment security counselor with the Employment Division in his behalf who had performed extensive physical tests. She testified that she did not know of any jobs for which claimant could be trained.

Claimant testified that his back problem affected his walking to the extent that he had to drag his right foot and walk with a shuffle. The employer put in evidence a short movie film of claimant walking out of a building, getting into and out of an automobile, walking across a street, up a curb and into a store—all with no apparent shuffling or other difficulty. While we do not attribute great weight to such evidence, this film demonstrates that claimant exaggerated his disability to some extent.

Claimant's credibility as to the extent of his disability is particularly important where the symptoms may not be ascertainable objectively, as here, and where the claim is a total disability. We have said, and we reaffirm, that the referee's finding on credibility is entitled to substantial weight. *Barcheck v. SAIF,* 23 Or

App 584, 543 P2d 32 (1975). However, in this case, we are in as good a position as the referee to observe what the film depicts as compared to what the claimant testified.

■  We conclude that the record supports the conclusion that while claimant suffers from severe disability resulting from a compensable injury, he may perform light work, and is not totally disabled. Accordingly, we modify the Board's order to provide an award of 320 degrees for unscheduled disability.

Affirmed as modified.