Argued and submitted December 3, 1984, reversed; order reinstated February 6, 1985

In the Matter of the Compensation
of Dennis Bloomfield, Claimant.

BLOOMFIELD,
*Petitioner,*

*v.*

NATIONAL UNION INSURANCE COMPANY,
*Respondent.*

(82-07387; CA A31218)

694 P2d 1015

James L. Edmundson, Eugene, argued the cause for petitioner. On the brief was Peter O. Hansen, Portland.

G. Kenneth Shiroishi, Portland, argued the cause for respondent. With him on the brief was Dunn, Carney, Allen, Higgins & Tongue, Portland.

Before Gillette, Presiding Judge, and Warren and Young, Judges.

YOUNG, J.

## YOUNG, J.

The issue in this workers' compensation case is compensability. Claimant petitions for review of a Board order which reversed a referee's order and found that claimant's right knee injury was caused by off-work activities. We reverse and remand for the reinstatement of the referee's order.

Claimant played golf during the morning of June 28, 1982, and for the first time wore spiked golf shoes. Because the shoes tended to hold his right foot in place during a swing, his right knee began to cause him some pain. By the end of the game, he was walking with a limp. Claimant went to work that afternoon. His supervisor and various co-workers noticed that he was limping. He explained that he had hurt his knee that morning playing golf. Later during his shift, he tripped on a pallet and felt an immediate sharp pain in his right knee. The pain was different from what he had felt while playing golf. It soon subsided to what it had been before he tripped, and he continued working for several days.

The knee became quite painful, and he saw Dr. Dineen, an orthopedist, who performed an arthrotomy on the knee. Dineen reported that the injury was work-related; claimant apparently mentioned only the pallet injury, and not the golf incident, to him. Dr. Pasquesi, an orthopedist, examined claimant some months later. He agreed that claimant had suffered a twisting injury to the knee. Pasquesi could not say whether the golf game or the pallet incident produced the injury. Either, he believed, would have been sufficient.

The referee found claimant's testimony credible. Because the injury would be compensable if the pallet incident contributed to it, *Patitucci v. Boise Cascade Corp.*, 8 Or App 503, 507, 495 P2d 36 (1972), he found in claimant's favor. The Board reversed, noting that Dineen was not aware of the golf game and that Pasquesi did not positively link the alleged pallet incident to the knee condition. The Board did not discuss the referee's evaluation of claimant's credibility, but it found that there was insufficient evidence that any incident at work materially contributed to the knee condition.

We give great weight to the referee's determination of witness credibility. *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), *rev den* (1971). We

have no reason to disagree with the referee's evaluation in this case and therefore accept claimant's testimony as correct. According to claimant, he experienced a sharp pain when he tripped on the pallet. The pain that he had experienced as a result of golfing did not come on with the same sharpness. We infer that, when claimant tripped on the pallet, he suffered an injury which was different from what he had previously suffered and which independently contributed to his injury. By the time claimant saw a physician his injury was complete. It is doubtful that Dineen could have separated the contributions of the two incidents if he had been aware of both; Pasquesi stated that he could not. Although we also are unable to determine the exact contribution of the pallet incident to claimant's injury, we need not do so. We are satisfied that the pallet incident contributed to the injury, and that fact is sufficient to make the injury compensable. *Patitucci v. Boise Cascade Corp., Supra.*

Reversed; referee's order reinstated.