[Argued April 6; decided April 19, 1897.]

## THOMPSON v. CONNELL.

(48 Pac. 467.)

SURPRISE OR EXCUSABLE NEGLECT.—A judgment entered in violation of an agreement extending the time to answer is one taken through defendant's "surprise or excusable neglect," within the meaning of section 102, Hill's Ann. Laws, authorizing the court, in its discretion, to relieve a party from such a judgment.

DISCRETION DEFINED.—The discretion vested in the trial court by the statute is not a right to be arbitrary, but is rather a duty to decide

certain questions in conformity with the spirit of the law, and in a manner to advance substantial justice.

JURISDICTION OF EQUITY—RELIEF AGAINST JUDGMENT.*— A denial of an application under section 102 of Hill's Ann. Laws to vacate a judgment on the ground of inadvertence, surprise, or excusable neglect is a bar to a suit in equity for the same relief on the same ground.

From Multnomah: LOYAL B. STEARNS, Judge.

Suit in equity by R. H. Thompson against Thomas Connell and the Sheriff of Multnomah County to restrain the enforcement of a certain judgment because it was entered by fraud and deceit. Plaintiff also showed that he had a good defense to the original law action in which the objectionable judgment had been entered. A demurrer to the complaint was sustained.

AFFIRMED.

*NOTE.—The subject of injunctions against judgments is exhaustively considered in the following voluminous foot notes:—

Injunctions Against Judgments for Matters Arising Subsequently to their Rendition: *Little Rock Railway Company* v. *Wells*, 30 L. R. A. 560.

Relief in Equity, other than by Appellate Proceedings, Against Judgments, Decrees, and other Judicial Determinations: *Little Rock Railway Company* v. *Wells*, 54 Am. St. Rep. 218. The particular question discussed in the principal case is referred to at pages 241 and 248.

Injunctions Against Judgments for Errors and Irregularities: *Gum Elastic Roofing Company* v. *Mexico Publishing Company*, 30 L. R. A. 700.

Injunctions Against Judgments Obtained by Fraud, Accident, Mistake, Surprise, and Duress: *Merriman* v. *Walton*, 30 L. R. A. 786.

Injunctions Against Judgments Entered on Confession: *Jno. V. Farwell Company* v. *Hilbert*, 30 L. R. A. 235.

Injunctions Against Judgments in Garnishment Proceedings: *Griggs* v. *Docter*, 30 L. R. A. 360; 46 Am. St. Rep. 824.

Negligence as a Cause for, and as a Bar to, Injunctions Against Judgments: *Payton* v. *McQuown*, 31 L. R. A. 33.

Enjoining Judgments Against or in Favor of Sureties: *Michener* v. *Springfield Engine Company*, 31 L. R. A. 59.

Injunctions Against Judgments for Want of Jurisdiction or Which are Void: *Texas-Mexican Railway Company* v. *Wright*, 31 L. R. A. 200.

Injunctions Against Judgments for Defenses Existing Prior to their Rendition: *Norwegian Plow Company* v. *Bollman*, 31 L. R. A. 747.

Negligence as a Bar in Equity to Relief Against Judgments, wherein is a discussion of the effect of failing to prosecute a remedy by appeal, and the consequence of lack of diligence brought about by the conduct of the adverse party: *Payton* v. *McQuown*, 53 Am. St. Rep. 444.

For appellant there was a brief by *Mr. W. H. Adams*, and an oral argument by *Mr. Ralph R. Duniway*.

For respondent there was a brief over the name of *Starr, Thomas & Chamberlain*, with an oral argument by *Mr. Warren E. Thomas*.

Opinion by MR. JUSTICE WOLVERTON.

This is a suit commenced May 30, 1895, to set aside a judgment of the Circuit Court of Multnomah County obtained by Connell against Thompson in an action at law, and, in the meantime, to restrain the enforcement of the same by execution, which judgment it is alleged was obtained by fraud. The fraud complained of is set forth in substance as follows: That after the commencement of the action the plaintiff therein, who is one of the defendants here, and one Charles Hirstel, with intent to deceive the plaintiff, the defendant therein, and induce him not to employ an attorney in the action, represented that Connell would extend the time for answering until October 2, 1893, and that in the meantime it was contemplated the cause would be settled and plaintiff be discharged from his alleged liability; that plaintiff relied upon the said representations of defendant and said Hirstel, and was thereby induced to and did wait until the day named without employing an attorney or appearing in the cause, but that the defendant, wickedly conspiring to take undue advantage of plaintiff, and to defraud him of his rights in the premises, caused judgment to be given and rendered on October 1,

1892, against plaintiff, without his knowledge or consent, and contrary to the said understanding and agreement. Subsequently to the rendition of said judgment the plaintiff applied to the circuit court by motion to be relieved against it, and for leave to file an answer therein, and the application was denied. There was a demurrer to the complaint, which was sustained, and the ruling of the court in this regard is assigned as error.

It is contended, in support of the ruling of the court below, that, the plaintiff having made application to the court in the law action to set aside the judgment, and the application having been passed upon and denied, he is now precluded from prosecuting a suit in equity for the purpose of annulling the same judgment, based upon grounds identical with those upon which the application was founded, and we are of the opinion that the contention is sound. The statute has provided that the court may "in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect": Hill's Ann. Laws, § 102. It was under this section that defendant made his application to have the judgment vacated, and, although it is not directly alleged in the complaint that the application was based upon the same ground that the plaintiff here relies upon for annulling it, we think it may be fairly implied that such was the case. Indeed, it is the only ground upon which he could claim relief either by the motion or suit, if the allegations of

the complaint are true, and they must be so considered for the purposes of the demurrer. The provision above quoted for relief in the action was adequate for the purpose. True, the grant of such relief rests within the discretion of the court, but the discretion here spoken of is an "impartial discretion, guided and controlled in its exercise by fixed legal principles;" "a legal discretion to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to defeat the ends of substantial justice," and for a manifest abuse thereof it is reviewable by an appellate jurisdiction: *Bailey* v. *Taaffe*, 29 Cal. 422; 1 Black on Judgments, § 354; *Lovejoy* v. *Willamette Locks Company*, 24 Or. 569 (34 Pac. 660); *Askren* v. *Squire*, 29 Or. 228 (45 Pac. 779); *Willett* v. *Millman*, 61 Iowa 123 (15 N. W. 866); *Craig* v. *Smith*, 65 Mo. 536; *White* v. *Northwest Stage Co.* 5 Or. 99.

But it is made a question whether the statute comprehends fraud as a ground for such relief. Whether this is so or not, the ground relied upon for the redress sought is clearly within the statute. The plaintiff complains that the defendant caused the judgment to be given and rendered contrary to their understanding or agreement; and if such was the case he was taken by "surprise," and this is one of the enumerated causes. Mr. Black says: "It is probable that the species of surprise primarily contemplated by these statutes is that which results from the taking of a judgment against a party in violation of an agreement or understanding that the case should be continued or not pressed, or not brought to trial, though that is also a kind of fraud." 1 Black on Judgments, § 336, and

Mr. Freeman says: "Fraud practiced in obtaining a judgment is sometimes specified in the statutes as one of the grounds which entitle an innocent and injured litigant to have it vacated. Even if this were not specially enumerated in the statute it would generally be available to the injured party on the ground that it had occasioned the rendition of a judgment against him by surprise or mistake, or under circumstances which as to him might well be deemed excusable neglect": 1 Freeman on Judgments, § 111*a*. Other authorities attest the availability of such a ground of relief by motion to vacate in the original action: See *Binsse* v. *Barker*, 13 N. J. Law 263 (23 Am. Dec. 720); *Browning* v. *Roane*, 9 Ark. 354 (1 Am. Rep. 218); *McIntosh* v. *Commissioners of Crawford County*, 13 Kan. 171. So that, in either view, whether the acts complained of are such as may be denominated by one of the statutory appellations, or from their general nature and effect fall within the mischief sought to be relieved against, it is apparent that the statute is broad enough to afford ample relief by motion in the action. We hold, therefore, that the statute having provided the plaintiff with a remedy in the original action, competent for the purpose, and he having there invoked it, he is now precluded from invoking equitable relief of like character based upon grounds identical with those there employed. The tendency of modern legislation and practice has been to greatly abridge the necessity for resort to equity by amplifying and enlarging the remedies in courts of law for many of the exigencies which formerly called for equitable interposition, and, while the jurisdiction may in some instances remain

concurrent with that given at law, it cannot ordinarily be invoked when the remedy at law has been employed either with or without avail: *Reagan* v. *Fitzgerald*, 75 Cal. 230 (17 Pac. 198).

AFFIRMED.