Argued and submitted December 10, 1979,
affirmed March 10, 1980

CRIQUI,
*Respondent,*
*v.*
PEARL MUSIC CO., INC., et al,
*Defendants,*
ZIMMERMAN,
*Appellant.*

(No. A 76-10-15153, CA 14458)

607 P2d 1205

Robert M. Taylor and Brad L. Swaner, Salt Lake City, argued the cause and filed the briefs for appellant. With them on the briefs were Stewart, Swaner & Taylor, Salt Lake City, David A. Hytowitz, and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Richard D. Senders, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, C.J.*

JOSEPH, P.J.

_____
*Schwab, C.J., *vice* Lee, J., deceased.

**JOSEPH, P.J.**

Defendant Zimmerman appeals from the trial court's denial of his motion to set aside a default judgment pursuant to ORS 18.160.[1] We affirm.

Plaintiff filed his complaint in February, 1977. Defendant, a resident of Utah, filed an answer in May, 1977. In July, 1977, plaintiff noticed defendant for deposition, but he failed to appear. Thereafter, pursuant to ORS 45.190, plaintiff moved to strike defendant's pleadings and the motion was granted by order of September 13, 1977. On September 15, 1977, plaintiff's attorney sent defendant a copy of the order striking the pleadings, together with a letter which advised defendant that plaintiff intended to seek an order of default 30 days from the date of the letter. The letter was correctly addressed and was received by defendant.

Subsequently, without further notice to defendant, plaintiff moved for a default order, which was granted on November 3, 1977. The following day, plaintiff's attorney sent defendant, by certified mail, a copy of the default order and a praecipe for a *prima facie* hearing on the amount of the default judgment. The order and praecipe were *not* mailed to defendant's correct address. The *prima facie* hearing was held on November 22, 1977, and the default judgment was signed by the trial judge on that day. On November 24, two days after the hearing, the copies of the order of default and praecipe for the hearing which plaintiff's attorney had mailed to defendant were returned to the attorney with the notation "unclaimed" on the envelope.[2]

---

[1] ORS 18.160:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

[2] Defendant bases much of his argument on the failure of plaintiff (and the trial court) to comply with Multnomah County Circuit Rule 7.03,

[129]

Defendant consulted with another attorney on May 1, 1978. He then found out that a judgment had been entered against him *and* that his co-defendants had had a partial summary judgment in their favor.[3] What stimulated him to contact the new attorney does not appear—but it was not knowledge of the judgment. The record shows that by August, 1977, at the latest, defendant had abandoned any intention of defending the action.

Plaintiff argues that defendant did not act with reasonable diligence in moving to set the judgment aside after discovering its existence and that defendant did not tender a meritorious defense to justify setting aside the judgment. *See St. Arnold v. Star Expansion, Ind.,* 268 Or 640, 521 P2d 526, 522 P2d 477 (1974); *Reitz v. Coca-Cola,* 36 Or App 487, 584 P2d 791 (1978); *cf. Hiatt v. Congoleum Industries, Inc.,* 279 Or 569, 569 P2d 567 (1977).[4] Defendant learned of the default judgment on May 1, 1978. His motion to set it aside was not filed until November 22, 1978. He argues, however, that he was carrying on negotiations with plaintiff during the interim and relies on *McAuliffe v. McAuliffe,* 136 Or 168, 298 P 239 (1931), in which the Supreme Court stated:

> "Where a defendant, against whom a default has been taken, when he thought that negotiations for a settlement were still pending and he continued to so believe until proceedings upon execution were begun,

---

applicable to a default judgment after appearance. The record does show that the rule was not complied with literally or in substance. However, given the events preceding and following the default judgment described in this opinion, and that the rule is not jurisdictional (*see* ORS 18.080), we conclude that the defect is not a sufficient basis to require that the judgment be set aside.

[3] The case against the co-defendants was eventually tried to a jury in July, 1978, which resulted in a judgment for compensatory and punitive damages. That judgment was reversed and remanded for a new trial on the damage issues. *Criqui v. Pearl Music Company,* 41 Or App 511, 599 P2d 1177, *rev den* 288 Or 173 (1979).

[4] The tendered answer was sufficient to present "substantial issues to be decided." *Bella v. Aurora Air, Inc.,* 279 Or 13, 18, 566 P2d 489 (1977).

afterwards promptly files his motion to vacate the default, he is entitled to relief ***." 136 Or at 172.

While, in an appropriate case, if settlement negotiations were taking place, a resulting delay in the defendant's seeking judicial relief might be justifiable, by May 1, 1978, this defendant knew that the advice received in August, 1977, had been seriously wrong. Still he did nothing at all until August and, so far as the record shows, little or nothing from early September (when settlement negotiations failed) to late November, when the motion was filed. That is hardly a showing of diligence sufficient for us to say that the trial judge abused his discretion in refusing to set the judgment aside.

Assuming we were to conclude that defendant was diligent in seeking judicial relief, we would then have to consider the merits of his claim. The grounds asserted were the failure of plaintiff to comply with Rule 7.03, discussed above at note 2, and "mistake, inadvertence and excusable neglect" by relying on the advice of the first Utah attorney. Again, the record is not completely clear, but that attorney said in his affidavit that defendant did not tell him that an answer had been filed, and defendant said in his affidavit that he did not remember if he told the lawyer about the answer. In any event the advice was wrong. Defendant asserts that the erroneous legal advice, and his claimed reliance on it, entitled him to have us conclude as a matter of law that the judgment must be set aside. He cites *Morrell v. Lane County,* 35 Or App 793, 582 P2d 847 (1978).

In that case the county, after service of summons in a declaratory judgment proceeding which also sought injunctive relief, had failed to file an answer within the 10 day period under former ORS 15.040(3); its counsel assumed that no appearance was required before a show cause hearing, which was set for a date more than 10 days after service of the summons. That assumption may well have been common among the

[131]

local bar, even though wrong. Plaintiff took a default order *ex parte* a few days after the running of the 10 day period and before the date set for the show cause hearing. County counsel learned of the order the next day and moved the following day to set the order aside. The trial court denied the motion and entered a decree against the county.

We reversed, saying:

> "Defendant's nonappearance was the result of its attorney's misunderstanding regarding the particular procedures involved in this proceeding. That misunderstanding was the result of mistake or inadvertence and, if from negligence, it was excusable negligence within the meaning of ORS 18.160. \*\*\* Under these circumstances, we hold as a matter of law that the error of defendant's counsel in this case resulted from mistake, inadvertence or excusable neglect. \*\*\*"

*Morell* is not apropos under the facts in this case. This defendant had appeared, he had been noticed for and failed to appear at a deposition, his answer had been stricken and he knew it. He was told that a default order would be sought, he was told by counsel that a default judgment would likely be taken, he failed to make any inquiry at all for some six months, and even after receiving actual knowledge of the existence of the judgment *and* the correct law, he did nothing toward lifting the judgment for almost seven months. All of that refutes a contention that he was operating as he did under the sort of mistake or inadvertence found in *Morell.* We cannot say the trial judge abused his discretion by refusing to treat the facts as satisfying the statutory grounds.

Affirmed.