Submitted on records and briefs September 23, reversed
and remanded with instructions December 30, 1981

In the Matter of the Marriage of

## MAY,
*Respondent,*

*and*

## MAY,
*Appellant.*

(No. 80-961, CA A20888)

637 P2d 1373

Thomas Lloyd, Ashland, filed the brief for appellant.

Sam A. McKeen, Klamath Falls, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

This is an appeal from an order denying wife's motion to set aside a decree of dissolution which was taken by default.

On July 29, 1980, on being served with a petition for dissolution and an order granting temporary custody of the parties' children[1] to husband, on July 29, 1980, wife sought legal counsel. Approximately two weeks later, on August 14, wife telephoned her attorney, telling him that his services would not be required, because she and husband had settled their differences. Wife claims to have made this call after being informed that her husband intended to return the children to her. She also claims that she understood that the attorney had filed "some paper" in the case. The attorney testified that he might have told her that he had done so, but had forgotten to file it. In September, wife was hospitalized, and while she was in the hospital, her family told her that husband would not proceed with the divorce until she was well and the children were returned to her. Wife's sister and mother testified that they received this impression from conversations with husband. Wife also testified that husband had agreed to return the children to her custody before there would be any hearing in the divorce case.

Custody was never returned to wife, and on November 3, 1980, husband obtained a decree by default, which awarded him custody of the children and all the marital property, real and personal, from this eight-year marriage, except one of the two family vehicles and wife's personal effects. Wife was unaware that a hearing had been set for that date; husband, who had seen wife the preceding weekend, did not tell her about the scheduled hearing.

Wife learned that a decree had been entered on November 3, 1980. That night she went to husband's home in an effort to take her children from him. The following day she retained an attorney, and a motion to show cause, along with a response and counter-petition, were filed on

---

[1] The children in this case are wife's children from an earlier marriage, who were adopted by husband.

November 5, 1980.[2] The trial court denied wife's motion to set aside the decree, finding that it was not taken "due to surprise, inadvertence or excusable neglect."

A motion to set aside an order of default under ORS 18.160[3] is addressed to the sound discretion of the trial court. *Coleman v. Meyer,* 261 Or 129, 134, 493 P2d 48 (1972). However, that discretion is not absolute. The statute is to be construed liberally to the end that the rights of the parties may be determined on the merits of the controversy. *Wagar v. Prudential Ins. Co.,* 276 Or 827, 832-833, 556 P2d 658 (1976); *Morrell v. Lane County,* 35 Or App 793, 796, 582 P2d 847 (1978).

In light of these authorities, and the facts of this case, we conclude that the trial court abused its discretion in denying wife's motion to set aside the decree. Each case must be considered on its own facts. *Wagar v. Prudential Ins. Co., supra.* Our review of the record in this case convinces us that wife believed that her former attorney had filed an appearance for her, that she would receive notice of any court hearing, that custody of the children would be returned to her before the case was heard and that she would have an opportunity to contest custody. Given her family's and her understanding of husband's intentions, this belief was reasonable, if mistaken. We decline to decide whether husband misrepresented his intentions to wife and her family. We conclude, however, that the decree was entered as a result of wife's mistake, inadvertence, surprise, or excusable neglect, and, therefore, should be set aside.

Reversed and remanded with instructions to set aside the decree. Costs to appellant.

---

[2] Wife's filing of her motion to set aside the decree within two days of its entry satisfies the requirement that the party seeking to set aside a decree entered by default exercise diligence. *Bella v. Aurora Air, Inc.,* 279 Or 13, 566 P2d 489 (1977). Her response and counter-petition raise sufficient issues to justify reopening the case.

[3] ORS 18.160 provides:

"The Court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."