Argued and submitted December 9, 1981, reversed and remanded
with instructions April 26, 1982

In The Matter of the Marriage of

## McKENNA,
*Respondent,*
*and*
## McKENNA,
*Appellant.*

(No. D 8010 68871, CA A21552)

643 P2d 1369

Gerald D. Wygant, Portland, argued the cause and filed the brief for appellant.

Roger G. Weidner, Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, Young, Judge, and Roberts, Judge Pro Tempore.

YOUNG, J.

## YOUNG, J.

Wife appeals from an order denying her motion to set aside a default decree of dissolution of marriage on the ground that the decree was entered against her by "surprise." The sole issue is whether the trial judge abused his discretion under former ORS 18.160.[1] We reverse.

The record discloses that husband filed a petition for dissolution of marriage on October 28, 1980. Wife was served in California on December 20, 1980. The decree was granted April 6, 1981, and on that day husband telephoned wife and told her they were divorced.[2] On April 20, 1981, wife filed her motion with a supporting affidavit and tendered a response. Husband filed a counter-affidavit and testified at the hearing on the motion.[3] The trial court denied the motion, finding no "excusable neglect, fraud or manifest injustice."

Wife's affidavit, in pertinent part, provides:

"Upon receiving said petition, I telephoned my husband in Portland, Oregon, who advised me that he had stopped action on this matter, that I need not make an appearance, and that he would pursue this matter no further until we had reached an agreement as to the division of our property. That although we have discussed said matter, it was my understanding that we had not reached an agreement and that there was no action required on my part. * * * That this default was taken against me by surprise and is directly in opposition of the representations made by Petitioner."

Husband's affidavit acknowledges that he had a discussion with wife in San Francisco during January,

---

[1] Former ORS 18.160 (repealed by Or Laws 1981, ch 898, § 53, now see ORCP 71) provided:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

[2] The parties were married in 1965 but had been living separately since about 1973. Wife is 60 years old, and husband is 62 years old. No children were born to the marriage. The decree awarded the assets according to the division proposed by husband in his petition. It appears from the petition that the parties owned substantial assets.

[3] Wife did not personally appear at the hearing, although she was represented by an attorney.

1981, and at that time wife requested that the proceedings be delayed "* * * so that negotiations concerning the Property Settlement could be discussed." At the hearing and contrary to his affidavit, husband denied that wife's reason in requesting a delay was to allow the parties time to engage in negotiations. Instead, he maintained that wife asked him to delay the proceedings because she could not afford a divorce and that he agreed to "put a red light on it." After the conversation in San Francisco it appears that there were no further contacts between the parties. Following the conversation in San Francisco and after about five weeks had elapsed, husband, without notice to his wife, instructed his attorney "to put the green light on" and to proceed with the divorce.[4]

In addition to the affidavits and husband's testimony, a letter written by wife to husband, dated July 25, 1980, was admitted. The tenor of the letter was that the marriage could not be salvaged. Wife wrote:

> "It's over and whatever is fair in the dissolution is fine with me. I'm not asking you for anything. I plan to pick up my personal things and resolve this in the best way possible."

The letter was written about three months prior to the filing of the petition for dissolution. The trial judge admitted the letter into evidence, because it was "* * * an indication of her state of mind, which would go to the question of whether or not there was excusable neglect."

■ ■ ORS 18.160 provides that the decision whether to set aside a default is within the discretion of the court. The decision of the trial court will only be reversed for an abuse of that discretion. *Litton v. Char-Ole Ranch, Inc.,* 281 Or 687, 690, 576 P2d 369 (1978); *Wagar v. Prudential Ins. Co.,* 276 Or 827, 556 P2d 658 (1976); *Washington County v. Clark,* 276 Or 33, 37, 554 P2d 163 (1976); *Lowe v. Institutional Investors Trust,* 270 Or 814, 819, 529 P2d 920 (1974); *Coleman v. Meyer,* 261 Or 129, 493 P2d 48 (1972). That discretion, however, is not absolute. It must be impartial

---

[4] It is clear that husband's attorney was not aware of any planned delay or agreement that husband may have had with wife. We cannot be certain, but it appears that wife first contacted an attorney after she was told that the decree was granted.

and exercised in conformity with the spirit of the law and in a manner that advances the ends of substantial justice. *Wagar v. Prudential Ins. Co., supra; May and May,* 55 Or App 396, 399, 637 P2d 1373 (1981).

In the present case wife claimed that the decree was taken by surprise. The trial court did not address that contention but found instead that there was no showing of "excusable neglect, fraud or manifest injustice." Although the line between surprise and excusable neglect may not be bright,

> "[i]t is probable that the species of surprise contemplated by these statutes is that which results from the taking of a judgment against a party in violation of an agreement or understanding * * *." *Thompson v. Connell,* 31 Or 231, 235, 48 P 467 (1897).

In *Washington County v. Clark, supra,* the court quoted from *Voorhees v. Geiser-Hendryx Inv. Co.,* 52 Or 602, 607, 98 P 324 (1908):

> "A judgment taken against a party contrary to an understanding or agreement with his adversary, is taken against him by surprise within the meaning of the statute * * *, and upon a proper showing to that effect, seasonably made, should be open, and the defaulted party permitted to defend, if he has a meritorious defense." 276 Or at 36.

*See also Leonard v. Bennett,* 165 Or 157, 173-74, 103 P2d 732, 106 P2d 542 (1940).

On the facts in this case, we conclude that the parties did agree to delay the dissolution proceedings. Whether the delay was, as both affidavits stated, to enable the parties to negotiate a property settlement agreement or, as husband later testified, it was because wife could not afford a divorce is not the dispositive question. The fact is that husband agreed to a delay and then proceeded to take a decree without prior notice to wife. Under these circumstances the decree was taken by surprise. We hold that the trial court erred in denying the motion to set aside the decree.[5]

Reversed and remanded with instructions to set aside the decree of dissolution. Costs to appellant.

---

[5] No claim was made that wife's tendered "response" failed to allege a meritorious defense.