Argued and submitted April 8, reversed and remanded in part; otherwise affirmed
May 29, 1991

In the Matter of the Marriage of

James Flemon CAUDILL,
*Respondent,*

*and*

Grace Ruth CAUDILL,
*Appellant.*

(89C-32748; CA A67016)

812 P2d 28

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Russell Lipetzky, Salem, argued the cause for respondent. With him on the brief were Paul Saucy and Saucy & Lipetzky, P.C., Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Wife appeals the trial court's order denying her motion to set aside a judgment of dissolution of marriage by default under ORCP 71B(1).[1] We reverse.

The parties were married in 1967 and had two children. They separated in July, 1989, when wife moved to Utah. The younger child joined her three months later, while the older remained in husband's custody. Husband filed a petition for dissolution on October 20, 1989, which sought "an equitable division of the assets and liabilities of the parties," but no spousal support. It also says:

> "Neither party should be required to pay child support to the other. [Husband] should be required to pay a reasonable sum of [child] support to [wife] at such time as [the older child] ceases to be a 'child attending school' as defined in ORS 107.108(4)."

During the next several months, the parties communicated with each other, but wife did not file a response to the petition or otherwise appear. On January 12, 1990, husband filed a notice of intent to take a judgment by default. The Notice says:

> "[Husband] hereby gives notice of intent to take a default and judgment against [wife] if a Response is not filed on or before January 26, 1990."

On January 26, 1990, husband filed a motion for an order of default. The order was signed on January 31, 1990. Husband obtained a judgment on March 26, 1990. It awards most of the marital property, no spousal support and all but one marital debt to husband. It does not award child support to either party; it says:

> "In recognition of the fact [that] each party has one of the children in their [sic] care and that [husband] has assumed responsibility for paying all but one of the joint family debts, neither party shall be required to pay child support on behalf of the children to the other party."

---

[1] ORCP 71B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; * * * (c) fraud, misrepresentation, or other misconduct of an adverse party * * *."

■ Wife learned about the judgment in late April and, approximately 30 days later, she filed her motion with a supporting affidavit and tendered a response. In her affidavit, she avers that, shortly after she received the notice of intent to take a default in January, she contacted husband and they agreed that she need not file a response, because they wanted to settle the matter amicably. She says "petitioner suggested I work on a proposed property list and said he would do the same." Husband disagrees with her version of the conversation but concedes that he agreed to wait before taking judgment so that she could provide him with a statement of what she wanted. Wife did not do that, and husband obtained the judgment. Under the circumstances, the trial court did not abuse its discretion in denying the motion for relief from the judgment regarding the property division and spousal support. *See Criqui v. Zimmerman,* 45 Or App 127, 607 P2d 1205 (1980).

■■ Wife also argues that she was "surprised," because the judgment did not award her child support, although the petition included a support provision. For the purposes of ORCP 71B(1)(a) "surprise" is " 'that which results from the taking of a judgment against a party in violation of an agreement or understanding * * *.' " *McKenna and McKenna,* 57 Or App 185, 189, 643 P2d 1369 (1982) (*quoting Thompson v. Connell,* 31 Or 231, 235, 48 P 467 (1897)). One of the primary purposes of a pleading is to put an adverse party on notice of the relief that is sought. *See, e.g., Cross v. Campbell,* 173 Or 477, 146 P2d 83 (1944). That notice creates an understanding that the relief granted by a judgment will not differ from that sought by the pleading. Any material variance necessarily thwarts that expectation. Accordingly, we conclude that, for the purposes of ORCP 71B(1)(a), a judgment by default is taken by "surprise" when the relief granted materially varies from what was asked for in the underlying pleading. We hold that the trial court erred when it denied the motion to set aside the judgment pertaining to child support, because the relief awarded in the judgment did not conform to the relief sought in the petition.

Reversed and remanded with instructions to vacate the judgment as to child support and for proceedings not inconsistent with this opinion; otherwise affirmed. Costs to wife.