Argued and submitted March 29, affirmed June 22, 1994

In the Matter of the Marriage of

Judith Kay GILBERT,
*Respondent,*

*and*

James Lee GILBERT,
*Appellant.*

(92 DM 0709; CA A80069)

876 P2d 830

Gordon A. Joelson argued the cause for appellant. On the brief was Steven L. Wilgers.

Michael E. Ford argued the cause for respondent. On the brief were Richard L. Fredericks and Dennett & Fredericks, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Husband appeals the trial court's order denying his motion to set aside a judgment of dissolution of marriage by default. We affirm.

The parties were married in 1970. Wife filed a petition for dissolution of their marriage on August 18, 1992. According to the evidence before the trial court, wife told husband before the petition was filed that she wanted "everything." The petition sought an "equitable division" of the parties' marital property and debts. Wife served husband on August 21, 1992. During the next several months, the parties discussed how their property should be divided. Husband testified that wife "told me I should hire my own attorney." During that time, husband told others that wife wanted everything. They advised him to get an attorney. The parties did not reach an agreement. Nonetheless, husband did not file an appearance, nor did he provide written notice to wife of his intent to file an appearance. On November 30, 1992, wife served husband with the notice of her intent to apply for a default judgment. *See* ORCP 69. Husband still did not file an appearance. On December 21, 1992, wife obtained an *ex parte* order of default. A default judgment was taken against husband on February 9, 1993. According to husband, the judgment awards nearly all of the parties' marital property to wife. Husband's first appearance in this case was on March 8, 1993, when he moved to have the judgment set aside.

Husband argues that the default judgment ought to be set aside on the grounds of excusable neglect and surprise under ORCP 71B(1).[1] He also argues that the trial court should have exercised its inherent power to set aside the judgment because the property division in the judgment is "grossly inequitable." According to husband's calculations, he was awarded assets of approximately $57,000 and wife received assets valued at $742,783. We review the trial court's denial of his motion to set aside the default judgment for an

---

[1] ORCP 69D provides that a judgment by default may be set aside in accordance with ORCP 71B. ORCP 71B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party * * * from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; * * * (c) fraud, misrepresentation, or other misconduct of an adverse party."

abuse of discretion. *Dennison v. Doreen*, 281 Or 89, 98, 573 P2d 1242 (1978).

■      Husband's argument regarding excusable neglect is that he failed to file a timely appearance because he did not have the benefit of advice from an attorney and because he relied on his wife, as his business partner, to procure an "equitable" division. Assuming without deciding that "excusable neglect" under ORCP 71B implicates equitable considerations, equity aids the vigilant, not those who sleep on their rights. *Cook v. Cook*, 167 Or 474, 485, 118 P2d 1070 (1941).[2] " 'When a party has once an opportunity of being heard, and neglects to do so, he must abide the consequences of his neglect. A court of equity cannot relieve him, though the judgment is manifestly wrong.' " *Ralston v. Bennett*, 93 Or 519, 522, 183 P 766 (1919) (quoting 2 Freeman, *Judgments* § 486 (2d ed 1874)). Husband is an educated businessman who knew that wife wanted everything and who was told by wife and others that he should get an attorney. Moreover, he was served properly with the summons and complaint as well as the notice of intent to apply for an order of default. Under the circumstances, we conclude that the trial court did not abuse its discretion in rejecting husband's argument that the judgment should be set aside on the basis of his claim of excusable neglect.

■      Next, husband argues that the judgment was taken against him by surprise, because the relief is contrary to a buy-sell agreement that the parties entered into regarding stock in a corporation that they owned, and because the property division exceeds the relief requested by wife in her petition. For purposes of ORCP 71B, a judgment is taken by "surprise" when it is " 'taken against a party contrary to an understanding or agreement with his adversary.' " *McKenna and McKenna*, 57 Or App 185, 189, 643 P2d 1369 (1982) (quoting *Voorhees v. Geiser-Hendryx, Inv. Co.*, 52 Or 602,

---

[2] In *Hackett v. Alco Standard Corp.*, 71 Or App 24, 32, 691 P2d 142 (1984), *rev den* 298 Or 822 (1985), we pointed out:

"The Supreme Court's and our applications of the term 'excusable neglect' in ORCP 71B and its predecessor, ORS 18.160, have followed a somewhat undefined course, and recent decisions have turned on fine distinctions between or disregard for other recent decisions."

Whatever "excusable neglect" means, it does not exist under the circumstances of this case.

607, 98 P 324 (1908)). We have also held that a judgment is taken by "surprise" when its relief materially varies from what is asked for in the underlying pleading. *Caudill and Caudill*, 107 Or App 435, 438, 812 P2d 28 (1991).

Contrary to husband's assertion, the trial court did not find that the parties had a buy-sell agreement, nor do we find any evidence of such an agreement in the record made by the parties at the hearing on husband's motion to set aside the judgment. Rather, the record shows that, five months before wife filed her petition, the parties held a stockholder's meeting to discuss a method of valuing the company's stock in the event that a third-party investor was interested in selling his stock. The agreement did not concern the division of the parties' stock and, therefore, the dissolution judgment was not taken in contravention of it.

■ Husband's other argument under ORCP 71B(1) that he was "surprised" is also without merit. Wife's petition requested an "equitable division" of the parties' marital property and debts. However, husband was aware of the extent of wife's claim both before the petition was filed and during the time before the order of default was entered. Husband was also aware that the parties had not reached an agreement about the division of their property before he received wife's notice of her intent to apply for an order of default. Under the circumstances, husband can hardly claim that he was "surprised" within the meaning of ORCP 71B. We hold that the trial court did not abuse its discretion in rejecting husband's argument.

■ Last, husband argues that the judgment should be set aside because he claims that the property division is grossly inequitable. Although gross inequity is not among the grounds listed in ORCP 71B for setting aside a judgment, the court has inherent power to set aside a previous judgment when certain circumstances exist. *Morphet v. Morphet*, 263 Or 311, 502 P2d 255 (1972). Relying on *Morphet*, we recognized in *Hansen and Hansen*, 31 Or App 823, 571 P2d 568 (1977), that "gross inequity" was a basis for setting aside a judgment:

"It was, therefore, within the power of the circuit court to vacate the decree of dissolution on the ground of duress or

gross inequity, provided the power was exercised in a reasonable time." 31 Or App at 827.

As a basis for upholding the trial court's denial of a motion to vacate the judgment, we explained:

"Although the property settlement may well have been inequitable in the sense that it was disproportionate, it was not shown to have been the product of husband's misconduct or overreaching." 31 Or App at 829.

*See also Harder v. Harder,* 49 Or App 582, 619 P2d 1367 (1980), *rev den* 290 Or 557 (1981).[3]

■ Our holding in *Hansen* means that judgments can be vacated on the basis of "gross inequity" when there is evidence that the gross inequity occurred in the process of procuring the judgment. However, the court does not have inherent power to set aside a judgment when the gross inequity results from the substantive provisions of a judgment. To hold otherwise would frustrate the strong underlying public policy supporting the need for finality in judgments, and judgments involving marital property divisions would become subject to post-dissolution modification. *See Trickel and Trickel,* 100 Or App 722, 788 P2d 489 (1990). Here, husband does not assert that the judgment was procured as a result of overreaching or other misconduct by wife. Therefore, the trial court did not abuse its discretion in refusing to set aside the judgment.

Affirmed. Costs to wife.

---

[3] The basis for our holdings in *Hansen and Hansen, supra,* and in *Harder v. Harder, supra,* was that *former* ORS 18.160 did not provide the exclusive grounds for vacating a decree. *Former* ORS 18.160 was replaced by ORCP 71. Council on Court Procedures, Staff Comment to ORCP 71, Merrill's Oregon Rules of Civil Procedure 1986 Handbook 203. By implication, the grounds listed in ORCP 71 are not exclusive.