Argued and submitted February 6, reversed and remanded with instructions
March 13, 1996

In the Matter of the Marriage of

Doris Eilleen BECKER,
*Respondent,*
*and*

Wayne G. MORRISON,
*Appellant.*

(94-1939; CA A87731)

912 P2d 936

D. Joseph Cartwright argued the cause for appellant. With him on the brief was Boiler & Cartwright.

Joseph K. Phillips argued the cause for respondent. With him on the brief was Morley, Thomas & McHill.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Husband appeals from the trial court's order denying his motion for relief from a default judgment in a dissolution proceeding, on the ground of "surprise." ORS 19.010(2)(c); ORCP 71 B(1). We reverse and remand.

On November 1, 1994, wife filed, and served on husband, a petition for dissolution of marriage. That petition alleged, as pertinent:

"5.

"The respondent should be required to pay to the petitioner a reasonable sum each month for a reasonable amount of time, as set by the Court, to assist in the maintenance and support of the petitioner.

"* * * * *

"7.

"The parties own their residence located at 960 5th Street, Lebanon, Linn County, Oregon. The petitioner made a substantial down payment on this property of $10,000.00 by using her equity in her own home to purchase said residence. The petitioner entered into a post-nuptial agreement, dated June 7, 1994, which is attached as petitioner's Exhibit "a" and incorporated by reference herein, in which petitioner agreed to pay $18,000.00 to the respondent for a drug rehabilitation program in the state of Alaska. The respondent is currently in default on this post-nuptial agreement by failing to complete said drug rehabilitation program in Alaska. The parties' residence should be awarded to the petitioner in full satisfaction of said post-nuptial agreement and the fact that the petitioner has made substantial payments on said residence.

"* * * * *

"WHEREFORE, petitioner prays for a Decree of this Court as follows:

"(a) Dissolving the marriage of the parties;

"(b) Granting other relief in conformance with the allegations of this petition;

"(c) Granting other appropriate equitable relief."

Husband did not file a response to the petition or otherwise appear.

On January 9, 1995, wife filed a motion for an order of default, which the court granted on January 18. On February 8, 1995, wife filed a motion for a default judgment of dissolution, with a supporting affidavit. In her affidavit, wife stated that the parties' residence was in foreclosure and subject to a federal tax lien and that "I will have to cure the default to keep the house, and the cost to me is unknown at this time." Wife continued:

"Because of the great disparity in income, the $10,000.00 that was paid by me for the joint residence, and the Post-Nuptial Agreement of $18,000.00, I ask that I be awarded $750.00 per month in spousal support from respondent. I believe the Court should allow the spousal support to continue until at least the $28,000.00 is paid back to me by the respondent and for an additional time that the Court deems reasonable for the costs of curing the tax liens and foreclosure."

Wife did not serve her motion and affidavit on husband, and husband had no notice of those pleadings.

On February 14, 1995, the court entered a "Money Judgment and Judgment of Dissolution of Marriage" in the form submitted by wife's counsel. That judgment provided, in part:

"(b) *SPOUSAL SUPPORT:* The respondent shall pay to the petitioner the sum of $750.00 per month toward the support and maintenance of the petitioner for an undetermined period of time. This payment of support shall continue until the petitioner has been fully reimbursed for the $10,000.00 paid by her on the residence at 960 Fifth St., Lebanon, Oregon, the $18,000.00 paid by the petitioner for a drug rehabilitation program for the respondent.

"* * * * *

"(d) *REAL PROPERTY:* The petitioner is awarded the parties' interest in real estate located at 960 Fifth St., Lebanon, Linn County, Oregon, free and clear of any interest of petitioner. This property is currently in foreclosure and the petitioner is attempting to cure the default."

After receiving notice of the judgment, husband filed a motion for relief from judgment on the ground of "surprise."

ORCP 71 B(1).[1] Husband asserted that the relief granted by the judgment was "materially different" from, and "far greater than," that requested in the petition. The trial court denied the motion.

On appeal, husband reiterates his argument that, given the differences between the relief initially sought and the relief ultimately granted, the default judgment was the product of "surprise" within the meaning of ORCP 71 B(1).[2] He relies particularly on *Caudill and Caudill*, 107 Or App 435, 812 P2d 28 (1991), where we said:

> "For the purposes of ORCP 71B(1)(a) 'surprise' is ' " 'that which results from the taking of a judgment against a party in violation of an agreement or understanding * * *.' " ' *McKenna and McKenna*, 57 Or App 185, 189, 643 P2d 1369 (1982) (*quoting Thompson v. Connell*, 31 Or 231, 235, 48 P 467 (1897)). One of the primary purposes of a pleading is to put an adverse party on notice of the relief that is sought. *See, e.g., Cross v. Campbell*, 173 Or 477, 146 P2d 83 (1944). That notice creates an understanding that the relief granted by a judgment will not differ from that sought by the pleading. Any material variance necessarily thwarts that expectation. Accordingly, we conclude that, for the purposes of ORCP 71B(1)(a), a judgment by default is taken by 'surprise' when the relief granted materially varies from what was asked for in the underlying pleading." *Id.* at 438.

*See also Gilbert and Gilbert*, 128 Or App 524, 528, 876 P2d 830 (1994) (reiterating principle).

We agree with husband that the relief granted in the default judgment of dissolution "materially varie[d]" from that sought in the underlying petition. *Caudill*, 107 Or App at 438. In particular, although the petition sought spousal support for a reasonable time and an award of the parties' residence in "full satisfaction" of wife's alleged contribution of $10,000 to the home equity and $18,000 to husband's drug rehabilitation, the default judgment not only awarded wife the home and spousal support, but also required husband to continue paying

---

[1] ORCP 71 B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect[.]"

[2] The appeal does not challenge the propriety of the default order.

support until he had "fully reimbursed" wife for an additional $28,000. Moreover, although wife did signal her intent to seek the latter, more extensive, relief in her motion for default judgment and supporting affidavit, husband was never served with, and had no notice of, that pleading. Consequently, the trial court erred in denying husband's motion for relief from judgment.

Reversed and remanded with instructions to vacate judgment. Costs to husband.