Argued and submitted May 13, reversed and remanded for further proceedings
October 23, 1996

In the Matter of the Marriage of

Brenda Kay BECKER,
*Appellant,*

*and*

Gerald Neal BECKER,
*Respondent.*

(93C-34475; CA A89748)

925 P2d 162

Jeffrey M. Jones argued the cause and filed the brief for appellant.

Gordon L. Dick argued the cause for respondent. With him on the brief was Wheeler & Dick.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Wife appeals from a judgment of contempt entered against her. ORS 33.015 *et seq*. She argues that the judgment, which purported to impose "remedial sanctions," actually, and improperly, modified the parties' judgment of dissolution. We reverse and remand for further proceedings.

Husband and wife were divorced in March 1995, after approximately five and one-half years of marriage. The judgment of dissolution provided that husband would have sole custody of the parties' four children but granted wife lengthy "visitation" periods, with the result that the children were with wife 47 percent of the time. Because of the extensive visitation, the court awarded wife child support as if the parties had a shared custody arrangement. The judgment also ordered husband to pay wife $1,400 "as one lump sum [spousal] support award to assist her in obtaining housing." Finally, as pertinent to the issues of this appeal, the judgment awarded husband certain pieces of personal property and prohibited both parties from smoking cigarettes around the children.[1]

One month after the dissolution judgment was entered, husband filed a motion for an order to show cause why wife should not be held in contempt for her failure to comply with that judgment. The motion sought "remedial sanctions" for that contempt, pursuant to ORS 33.105(1)(a) and (c)-(f), which provides:

"(1) Unless otherwise provided by statute, a court may impose one or more of the following remedial sanctions:

"(a) Payment of a sum of money sufficient to compensate a party for loss, injury or costs suffered by the party as the result of a contempt of court.

"* * * * *

---

[1] The judgment of dissolution provided:

"The parties' children shall not be subjected to second-hand smoke. Neither [wife] nor [husband] shall smoke or allow a third party to smoke around the children in their primary residence or while the children are visiting with them."

Neither party disputed the propriety of that nonsmoking provision, and we express no view concerning its validity.

"(c) An amount not to exceed $500 or one percent of the defendant's annual gross income, whichever is greater, for each day the contempt of court continues. The sanction imposed under this paragraph may be imposed as a fine or to compensate a party for the effects of the continuing contempt.

"(d) An order designed to insure compliance with a prior order of the court, including probation.

"(e) Payment of all or part of any attorney fees incurred by a party as the result of a contempt of court.

"(f) A sanction other than the sanctions specified in paragraphs (a) to (e) of this subsection if the court determines that the sanction would be an effective remedy for the contempt."

In a supporting affidavit, husband stated various concerns that he had "regarding [wife's] resolve in providing a safe and stable environment for [the] children to be raised in." Among those concerns was that wife was smoking around the children. Husband also stated that wife would not allow him to retrieve the personal property he had been awarded in the judgment of dissolution. Accordingly, husband, in his affidavit, asked that the court find wife in contempt for preventing him from retrieving the personal property and for continuing to smoke around the children. Wife was served with the motion to show cause, husband's supporting affidavit, and the resultant order to show cause.

The show cause hearing was held on May 2, 1995. Wife did not appear at the hearing, and, on husband's motion, the court entered an order of default against her. At the same time that husband moved for the order of default, he filed a second affidavit supplementing his original affidavit in support of his contempt motion. The supplemental affidavit averred that wife had not been providing appropriate car seats for the children and had not been picking up or delivering the children for visitation. In the supplemental affidavit, father asked the court to grant relief beyond that sought in his contempt motion and the original affidavit. In particular, husband asked the court to: (1) alter and reduce wife's visitation rights, "pursuant to Marion County Supplemental Local Court Rule 8.075[;]" (2) order wife to pay him

child support, based on the modified visitation schedule; (3) enter a satisfaction of any child support husband owed wife "in consideration for my having cleaned up our former family residence * * * of 1520 pounds of garbage," and because wife "was not exercising her visits with the children[;]" and (4) enter a satisfaction of his lump sum $1,400 spousal support obligation, in the light of the fact that he was "prepared and willing" to pay wife's landlord that amount, representing the back rent wife owed to the landlord. Wife was never served with, nor received notice of, the supplemental affidavit.

On May 10, 1995, the court entered a disposition entitled, "Order Re: Remedial Contempt and Judgment Modifying Judgment of Dissolution of Marriage." The first part of the "order and judgment," paragraphs 1-5, "modified" the judgment of dissolution pursuant to husband's requests in his supplemental affidavit, including modifying wife's visitation rights, satisfying husband's spousal support and child support obligations, and requiring wife to pay husband child support of $395 per month. The balance of the disposition addressed husband's original motion for remedial contempt:

"6. The Court finds that [wife is] in contempt as follows:

"a. For her failure to provide [husband] the personal property outlined in provision 6.2 of the Judgment of Dissolution.

"b. For her failure to abide by provision 2.5 of the Judgment of Dissolution as she has subjected the parties' children to second-hand cigarette smoke.

"7. [Wife] is ordered to provide [husband] all of the personal property outlined in provision 6.2 of the Judgment of Dissolution on or before the expiration of seven (7) days from this Order. The personal property shall be provided to [husband] in the condition as it existed in the parties' * * * home prior to the entry of the Judgment of Dissolution. In the alternative, [wife] shall provide [husband] access to the premises where the personal property is located within seven (7) days of this Order so as to allow [husband] to obtain the personal property awarded to him pursuant to the Judgment of Dissolution. [Wife's] tender to [husband] of the personal property * * * shall purge her of this contempt.

"8. [Wife] is ordered to comply with provision 2.5 of the Judgment of Dissolution. Any continued subjection of the parties' children to second-hand cigarette smoke may be a condition upon which the Court shall restrict [wife's] visitations with the minor children."

Wife subsequently moved to set aside the May 10 "order and judgment" pursuant to ORCP 71 B(1) and 71 C, arguing that it substantially modified the judgment of dissolution and that she had never received notice of a motion to modify that judgment. She argued, accordingly, that the May 10 "order and judgment" was the result of mistake, inadvertence, surprise, "and if any motion to modify the judgment of dissolution is not on record, [the May 10 order and judgment] was the result of fraud, misrepresentation or other misconduct of [husband]." The trial court granted partial relief by amending the May 10 "order and judgment" to delete wife's $395 per month child support obligation, but it did not alter the balance of the May 10 disposition.[2] Wife appeals from the amended judgment.

Wife raises five assignments of error. All but the second appear to pertain to the trial court's refusal to set aside the judgment completely pursuant to ORCP 71 B.[3] For ease and clarity of analysis, we consider the first, third, fourth and fifth assignments, collectively.[4]

Wife argues that the trial court erred in denying her motion to set aside the judgment because, *inter alia*, she was

---

[2] In so doing, the court redenominated its disposition, changing its title from "Order Re: Remedial Contempt and Judgment Modifying Judgment of Dissolution of Marriage" to "Order Re: Remedial Contempt and Judgment of Contempt."

[3] ORCP 71 B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party * * * from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; * * * (c) fraud, misrepresentation, or other misconduct of an adverse party[.]"

[4] Wife's second assignment of error asserts:

"The trial court erred when it did not make specific findings of fact to support its judgment of contempt, or to set forth the statutory basis for the finding of contempt."

Because of our disposition of the other assignments of error, we need not address the second one.

not given notice that the court might modify terms of the dissolution judgment that were unrelated to the matters that were the subject of husband's original contempt pleadings. In particular, she asserts that, because she was never served with husband's supplemental affidavit, which sought relief that was materially different from that sought in the original contempt pleadings, the court's allowance of that additional relief was the product of undue surprise. We agree.

 This case is analogous to *Gilbert and Gilbert*, 128 Or App 524, 876 P2d 830 (1994). There, we held that, for purposes of ORCP 71 B, a judgment is taken by "surprise" when it is taken against a party contrary to the party's understanding or agreement with his or her adversary, or "when its relief materially varies from what is asked for in the underlying pleading." *Id.* at 527-28. *See also Becker and Morrison*, 139 Or App 570, 574, 912 P2d 936 (1996); *Caudill and Caudill*, 107 Or App 435, 812 P2d 28 (1991). Here, the relief that the court ultimately granted materially varied from that sought in the only pleadings served on wife, *i.e.*, the motion for contempt and husband's original affidavit. Those pleadings sought the imposition of remedial sanctions for wife's failure to disgorge the personal property and for her failure to stop smoking cigarettes around the children; nothing more. Nothing in those pleadings warned wife that husband sought to alter her visitation with the children permanently or to have his child and spousal support arrearages satisfied.[5] *See Becker*, 139 Or App at 574.[6]

█ Husband argues, nevertheless, that, because the court has a broad range of remedies in contempt proceedings, ORS 33.105(1), and because wife knew that husband was invoking that broad remedial authority, she was on notice

---

[5] We express no opinion as to the trial court's authority to order those arrearages satisfied. *But see Alls and Alls*, 137 Or App 32, 34, 902 P2d 1204 (1995) (trial court lacked authority "to 'forgive' an unpaid obligation of $2,800, which had accrued on [an] order awarding child and spousal support").

[6] ORCP 67 C(1), which wife does not cite, provides:

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. However, a default judgment granting equitable remedies may differ in kind from or exceed in amount that prayed for in the demand for judgment, provided that reasonable notice and opportunity to be heard are given to any party against whom the judgment is to be entered."

that the court could fashion the very remedies that it did. We disagree for two reasons. First, although a court's remedial contempt powers are expansive, they are not unlimited; that is, the court's order must be "designed to insure compliance" with the prior order. ORS 33.105(1)(d). Here, there was no reasonably foreseeable remedial connection between wife's alleged contempt (smoking around the children and refusing to turn over husband's personal property) and the court's direction that husband's spousal support and child support arrearages be satisfied.

■　　Second, and perhaps even more significantly, those provisions of the court's order pertaining to modification of visitation and satisfaction of husband's spousal and child support arrearages, effected a substantial modification of the dissolution judgment without complying with the statutory procedures governing such modifications. ORS 107.135 provides, in part:

> "(1)　The court has the power at any time after a decree of annulment or dissolution of marriage * * * is granted, upon the motion of either party *and after service of notice on the other party in the manner provided by ORCP 7,* * * * to:
>
> "(a)　[M]odify so much of the decree as may provide for the * * * custody, visitation, support and welfare of the minor children[.]" (Emphasis supplied.)

Here, wife never received notice of any requested modification. ORS 107.135(1). Nothing in ORS 33.105 suggests that a court in imposing sanctions for remedial contempt, can modify the terms of a dissolution judgment without the alleged contemnor-spouse first receiving the notice prescribed in ORS 107.135.[7]

We thus conclude that the court's amended judgment granted relief materially varying from that sought in the pleading that was served on wife and, consequently, that that judgment was the product of impermissible "surprise." Accordingly, the trial court erred in entering that judgment.

Reversed and remanded for further proceedings. Costs to wife.

---

[7] The notice question aside, we imply no view as to the general or particular propriety of modifying a dissolution judgment in the context of contempt proceedings.