Argued and submitted April 12, affirmed July 10, 2002

## In the Matter of the Marriage of

Robert Bruce OWENS,
*Respondent,*

*and*

Brenda Fern OWENS,
aka Brenda Velasquez
and Brenda McEntire,
*Appellant.*

9804846 CV; A113449

49 P3d 111

Scott D. MacArthur argued the cause and filed the brief for appellant.

Douglas V. Osborne argued the cause for respondent. With him on the brief was Law Office of Douglas V. Osborne.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

In this dissolution of marriage proceeding, wife appeals an order vacating a judgment against husband. She argues that the trial court abused its discretion under ORCP 71 B(1) in setting aside the judgment. We affirm.

In 1998, the parties filed a co-petition for dissolution of their marriage, using a preprinted form to which they attached documents. On the form signed by both parties, the preprinted provisions for spousal support were partially crossed out. In a combination of handwritten and preprinted language instead, the parties' co-petition provides,

> "[Husband] should be required to pay in lieu of spousal support the agreed upon settlement of agreement to sell business holdings."[1]

The parties amended the property division portion of the form to provide, in its entirety,

> "The parties have an interest in real property which should be divided between them in a equitable manner. That which each party brought into marriage and agreed upon division.
>
> "* * * The parties have debts and obligations which should be divided between them in an equitable manner. As agreed upon in agreement to sell business holdings.

Attached to the petition are two documents prepared by the parties. The first, entitled Exhibit A, contains the parties' proposed property division as it pertained to personal property. The second attachment, entitled "Agreement to Sell Business Holdings," is an agreement for husband to pay $60,000 to wife at a rate of $1,000 per month for 60 months, for the purchase from her of "50% of the company known as B&B Trucking." The agreement also made husband liable for all current and outstanding debts of the company.

The parties also filed a proposed judgment with the court, also in the form of a preprinted document. In the section of the form labeled "Summary of Money Judgments,"

---

[1] Here and throughout the opinion, the underlined material represents the parties' handwritten additions to the preprinted forms.

and subtitled "Spousal Support," the proposed judgment provided

> "*In lieu of spousal support* the attached Exhibit A which has been agreed upon. The amount of spousal support is $ 1000.00 per ☐ week ☒ month ☐ year. The beginning date for spousal support payments is Jan 10, [19]99, and the ending date is Dec[ember] 2003.

The proposed judgment was signed by the trial court on December 8, 1998.

In early 1999, husband became aware of alleged misrepresentations by wife regarding the financial affairs of B&B Trucking. Husband moved to set aside the judgment on grounds of fraud. The trial court allowed husband's motion and set an appearance date for both parties in order to establish a trial date. In a letter opinion regarding the motion, the court said, "I conclude that [wife] did erroneously represent to [husband] that the bills were current and such fraud was extrinsic because, even though this case was settled, it would have prevented him from fully exhibiting and trying his case because it was a basis for the settlement." On the date set by the court, husband's attorney and wife's attorney appeared. At the hearing, a settlement hearing was scheduled for August 16 and trial was set for September 3, 1999. On June 22, 1999, husband's attorney then filed a motion to withdraw as counsel of record. The court allowed the motion.

Husband received the motion and the order allowing the withdrawal of his attorney and informing him of the upcoming settlement hearing and the trial date. However, he did not appear at either proceeding. The operative pleading continued to be the parties' co-petition. ORCP 13 A; ORS 107.085. At trial in September, the trial court heard unrebutted testimony from wife. As a result, it entered judgment in October finding that husband had dissipated the business assets of the marriage. The court also heard testimony from wife that husband had "trashed" at least $18,000 of personal property, including $10,000 of equipment used by wife in her cake decorating business. The judgment entered by the court requires that, "the [husband] shall pay to [wife] a money judgment in the sum of $18,000 as spousal support." The

judgment also divides the parties' personal property in essentially the same manner as had been done in the prior, vacated judgment, with a few exceptions that favored wife. The judgment makes no mention of the agreement by husband to purchase half of the business from wife as alleged in the co-petition.

In February 2000, husband obtained a new lawyer and moved under ORCP 71 B to set aside the October 1999 judgment. He argued that, although he did not have a good excuse for his failure to appear, he had relied on his belief that any judgment entered against him in his absence would be consistent with the relief sought in the petition. He asserted that the award of spousal support in the amount of $18,000 was substantially different from any relief sought in the petition. The trial court granted husband's motion, ruling,

> "Well, I am going to set aside the decree, reluctantly, because [husband] should have or even would have shown up at all, and said anything this could have all been prevented. And he should have done that and he shouldn't have just ignored those dates. Well, the reason I am making the decision is the notice provision. I agree with the part that the pleadings did frame the issues. The due process issue. He did not have notice that [wife] would be seeking those things, looking at the petition. So that's the basis of my decision, although I do it reluctantly."

■■ Wife appeals, arguing that the trial court erred in setting aside the judgment. She contends that the trial court abused its discretion because husband is charged with the knowledge that a trial court has the authority under ORS 107.105 to award spousal support in a dissolution judgment. We review a ruling on a motion under ORCP 71 B for an abuse of discretion. *Pacheco v. Blatchford,* 91 Or App 390, 392, 754 P2d 1219, *rev den* 306 Or 660 (1988). ORCP 71 B(1) provides:

> "[o]n motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, *surprise,* or excusable neglect[.]"[2] (Emphasis added.)

---

[2] This case does not implicate ORCP 69 or ORCP 67 C(1), which limit the relief granted by a default judgment to the relief sought in the complaint. Wife did not apply for an order of default or a default judgment.

The question in this case is whether husband, who had notice of the proceedings that were going to occur, and who failed to appear out of carelessness, can nonetheless be awarded relief from the judgment on the basis of "surprise."

In support of her argument that the trial court abused its discretion, wife relies on *Weaver and Weaver*, 119 Or App 478, 851 P2d 629 (1993). In *Weaver*, the court entered judgment after wife failed to appear at trial. She moved to have the judgment vacated under ORCP 71 B(1)(a). We upheld the trial court's denial of relief, stating:

> "The trial court found, and we agree, that wife knew or should have known that the dissolution proceeding was pending and that she was obligated to advise the court of her mailing address, but failed to do so. A copy of the letter stating the trial date was mailed to her mother's address, the last address that she had provided to the court. Wife was in close communication with her mother, knew of the attempted delivery of the certified letter and still failed to act. We conclude that the trial court did not abuse its discretion in deciding that wife was not entitled to relief under ORCP 71B(1)(a) for inadvertence or excusable neglect." *Weaver*, 119 Or App at 481.

*Weaver*, in our view, stands for the proposition that it is not an abuse of discretion to deny relief under ORCP 71 B(1)(a) when a party receives notification of a trial date and fails to appear at trial. That is not to say that the granting of relief from a judgment under such circumstances *will* constitute an abuse of discretion. Rather, the proper exercise of discretion will depend on the individual circumstances of each case.

In response to wife's argument, husband relies on *Caudill and Caudill*, 107 Or App 435, 812 P2d 28 (1991). In *Caudill*, the husband filed a petition for dissolution that asserted that he should be required to pay a reasonable sum of child support at such time as the parties' child ceased to be a child attending school, as defined by statute. The parties were in communication throughout the litigation, but the wife did not file a response to the petition or otherwise appear. The husband was eventually granted a default judgment. The judgment awarded no child support to either party. Later, the wife moved to set aside the judgment because "the judgment did not award her child support,

although the petition included a support provision." *Id.* at 438. The trial court refused to grant relief and, on the wife's appeal, we held that it had abused its discretion. We explained:

> "For the purposes of ORCP 71B(1)(a), 'surprise' is 'that which results from the taking of a judgment against a party in violation of an agreement or understanding * * *.' *McKenna and McKenna*, 57 Or App 185, 189, 643 P2d 1369 (1982) (quoting *Thompson v. Connell*, 31 Or 231, 235, 48 P 467 (1897)). One of the primary purposes of a pleading is to put an adverse party on notice of the relief that is sought. *See, e.g., Cross v. Campbell*, 173 Or 477, 146 P2d 83 (1944). That notice creates an understanding that the relief granted by a judgment will not differ from that sought by the pleading. Any material variance necessarily thwarts that expectation. Accordingly, we conclude that, for the purposes of ORCP 71B(1)(a), *a judgment by default is taken by 'surprise' when the relief granted materially varies from what was asked for in the underlying pleading.* We hold that the trial court erred when it denied the motion to set aside the judgment pertaining to child support, because the relief awarded in the judgment did not conform to the relief sought in the petition." *Caudill*, 107 Or App at 438 (emphasis added).

*See also Becker and Becker*, 139 Or App 570, 574, 912 P2d 936 (1996); *Gilbert and Gilbert*, 128 Or App 524, 527-28, 876 P2d 830 (1994).

■     In this case, the judgment materially varies from the relief requested by the parties in their co-petition. The co-petition sought a property division "in lieu of spousal support." However, the judgment awarded spousal support, to the "surprise" of husband, as found by the trial court. "If [a] trial court's decision [is] within the range of legally correct discretionary choices and produce[s] a permissible, legally correct outcome, then the trial court [does] not abuse its discretion." *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). Here, the trial court's decision to vacate the judgment because of the "surprising" material variance from the terms of the co-petition is a permissible and legally correct outcome, even though husband failed to appear at trial and is presumed to be aware of the trial court's general authority to award spousal support. It is not within our province to

second-guess the trial court's decision about the weight to give to the parties' competing arguments. The court had the authority and discretion under ORCP 71 B to vacate the judgment on the basis that husband's "surprise" outweighed the facts that militated against that result, if it so chose.

Affirmed.