Argued and submitted May 16, affirmed July 23, 1997

In the Matter of the Marriage of

Donna M. ADAMS,
*Respondent,*
*and*

John E. ADAMS,
*Appellant.*

(DR94-12276; CA A93981)

942 P2d 874

George W. Kelly argued the cause and filed the brief for appellant.

Jacqueline L. Koch argued the cause for respondent. With her on the brief was Findling & Johnson.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Husband filed a motion asking the trial court to set aside the judgment dissolving the parties' 35-year marriage. ORCP 71 B. Alternatively, he asked the court to terminate or reduce his spousal support obligation and to enter an order establishing conditions of visitation with his adult disabled son. The trial court denied husband's motions to set aside the judgment, to terminate spousal support and to establish visitation with his disabled son but granted his motion to reduce the amount of the spousal support from $1,500 per month to $1,000 per month. We affirm.

Husband was served with the petition for dissolution on January 3, 1995. The petition alleges, in part:

"7.

"[Husband] should be directed to pay to [wife] a reasonable amount per month as spousal support for a reasonable duration.

"* * * * *

"10.

"During the course of the marriage the parties have acquired interests in real property and personal property, and they have incurred indebtedness. In the event of a judgment of dissolution of marriage, the real property, personal property and indebtedness of the parties should be fairly and equitably divided."

After discussing the pending dissolution with wife, husband wrote to his daughter on January 24, 1995, sending her his power of attorney and instructing her to do "whatever you and your mother decide upon." Husband's letter suggested that wife sell their residence in order to pay taxes and unspecified debts. The letter concludes, "If [wife] does not wish to do that, then it is entirely up to the two of you." On March 1, 1995, the trial court entered a default judgment of dissolution. The default judgment ordered indefinite spousal support in the amount of $1,500 per month. In support of her application for a default judgment, wife presented to the court an affidavit in which she attached a copy of husband's letter and his power of attorney. Also, she filed a *"prima facie* affidavit in support of judgment of dissolution of marriage" in

which she said, "My gross income is $1,118 per month. Respondent's gross income is $7,000 per month."

Husband learned about the dissolution judgment in the beginning of April 1995. On April 26, 1995, he sent a letter to wife's attorney stating that he was opposed to paying spousal support and that he had made an agreement with wife that "she could have everything on the condition that she would pay all the debts and file the corporations [*sic*] taxes." Although husband was advised by wife's lawyer to hire his own lawyer, he did not move to set the default judgment aside at that time. By July, husband was attempting to reconcile with wife. In October 1995, the parties resumed living together; however, husband moved out in December after the reconciliation failed. In February 1996, husband filed the motions that frame this appeal.

At the hearing on his motions, husband argued that there were three grounds for setting aside the judgment under ORCP 71 B(1):[1] (1) wife had misrepresented husband's gross income at the time of the dissolution; (2) the judgment was not in accordance with the pleadings; and (3) the judgment was inconsistent with a purported agreement between the parties about spousal support and property division. Husband asserted that the $7,000 monthly gross income figure was based on their trucking business income and that wife knew at the time of her affidavit that their truck had been repossessed and that their trucking business had ended.

The trial court found:

"First of all, it's clear beyond any question from the evidence that [husband] knew from the filing of the decree onward that [wife] was seeking an award of spousal support as part of the dissolution proceeding.

"I think also * * * [g]iven the length of the marriage and the relative earning capacities of these parties, there simply was no way in the whole wide world that this case was ever going to be resolved without an award of spousal support.

---

[1] ORCP 71 B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party * * * from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; * * * (c) fraud, misrepresentation, or other misconduct of an adverse party."

"* * * * *

"But the fact of the matter is, legally and factually, there simply was never, ever, in my view, any agreement where both parties actually considered the matter and actually agreed that there would be no spousal support award made. * * *

"* * * [T]here was never any agreement in its truest sense, only an effort by [husband] to have his own way and force and bully his position upon [wife]. * * *

"* * * * *

"* * * But I have to say that under the circumstances of this case, I cannot say that the terms of this [judgment] are so inequitable that in and of itself would require us to set aside this judgment and provide some different allocation of the debts and assets.

"What we have very clearly is a very clearly expressed and articulated intent on the [husband's] part to have the [wife] have the family home and the proceeds from the sale of that family home."

The trial court ruled that husband's waiting nearly 11 months to file the motion to set aside the judgment was unreasonable. The trial court observed:

"[I]f, in fact, there has really been some mistake made which has adversely affected one's rights, we assume that that person will then promptly take action to redress that wrong. The longer that one waits in pursuing their remedies, the more likely it is that there is some ulterior motive, some lack of good faith or simply some rethinking from a different perspective of what might have been a better approach to the particular proceeding which resulted in the entry of the judgment."

For all of the above reasons, the trial court denied husband's motion to set aside the judgment.

We review a ruling on a motion made under ORCP 71 B for abuse of discretion. Part of that inquiry is whether there is evidence to support the trial court's findings. *Auble and Auble*, 125 Or App 554, 559, 866 P2d 1239 (1993), *rev den* 318 Or 478 (1994). Also, a party seeking relief from a default judgment under ORCP 71 B must show that he or she acted

with reasonable diligence to move to set the judgment aside after learning of the judgment. *Lovejoy Specialty Hospital v. Advocates for Life*, 121 Or App 160, 169, 855 P2d 159, *rev den* 318 Or 97 (1993), *cert den* 511 US 1070 (1994).

In this case, husband contends that he waited 11 months to file his motion to set aside because of his efforts to reconcile. Although there is some evidence that suggests that the reconciliation effort was unilateral on husband's part and belated after he learned of the default judgment, we do not believe it prudent under the facts of this case to penalize him because of the delay in filing. Under these particular facts, requiring husband to file a motion to set aside a default judgment while efforts to reconcile are ongoing is counter-productive. Because we are not persuaded that the motion to set aside was untimely, we turn to the question of whether the trial court abused its discretion by refusing to set the default judgment aside because of "fraud" or "surprise."

The trial court found "that there was [not] any intentional effort on the part of [wife] to mislead the court" about the amount of husband's gross income in her affidavit, but rather that she "incorrectly" believed that figure represented husband's earning potential because of their trucking business. That finding is supported by the evidence. It is questionable whether an innocent misrepresentation or unilateral mistake of the nature here will ever be sufficient to set aside a judgment under ORCP 71 B(1) despite the claim of an inequitable result. In *Gilbert and Gilbert*, 128 Or App 524, 528-29, 876 P2d 830 (1994), we held that, even though a gross inequity is not among the listed grounds in the rule for setting aside a judgment, it is a ground for relief that the court is entitled to consider if the gross inequity results from misconduct or overreaching by a party. We reasoned that, otherwise, the strong public policy favoring finality of judgments would be frustrated if a claim of mere mistake could prevail to set aside a default judgment. We adhere to that rationale here.

The trial court also found that there had been no agreement between the parties regarding spousal support. Husband argues that under the holding *McKenna and McKenna*, 57 Or App 185, 189, 643 P2d 1369 (1982), an actual agreement is not required, but that it is sufficient if

the parties have an "understanding," such that the party who has been defaulted against is surprised by the terms of the judgment. Even if husband's proposition is correct as a matter of abstract law, the trial court found that wife never expressly or tacitly intended to agree that there would be no spousal support award. At best, husband attempted unsuccessfully to persuade wife to forgo spousal support. Because there is evidence that supports the trial court's findings in that regard, we reject husband's argument to the contrary.

■  The trial court also concluded that the judgment did not materially vary from the allegations in the petition, so that husband was not "surprised" by its provisions. *See Becker and Morrison,* 139 Or App 570, 574, 912 P2d 936 (1996) (holding that the husband was entitled to have the default dissolution judgment set aside because the judgment "materially varied" from the relief sought in the underlying petition). The petition requested spousal support, and the judgment awarded spousal support. Moreover, husband represented to wife that she could proceed as she saw fit regarding the dissolution after he was served with the petition. Husband cannot now be heard to complain on the ground of "surprise" when wife obtained the relief that she sought in her petition. Under the circumstances and in the light of the trial court's findings, we conclude that it did not abuse its discretion in refusing to set the judgment aside under ORCP 71 B on the grounds urged by husband.

■  Next, husband assigns error to the trial court's failure to terminate spousal support or reduce it in a greater amount. Wife does not cross-appeal the trial court's modification from $1,500 per month to $1,000 per month. The modification of a preexisting support order under ORS 107.135(2)(a) requires that there be an unanticipated "substantial change in economic circumstances of a party." Our standard of review under ORS 107.135 is *de novo.* ORS 19.125(3). Husband's argument focuses on the difference between his current earnings and the gross income figure contained in wife's supporting affidavit in support of her original request for spousal support. For purposes of determining whether there is an unanticipated substantial change in the

circumstances of husband's income, the anticipation of husband earning $7,000 per month in gross income is an adjudicated fact.

At the time of the modification hearing in April 1996, husband was no longer a truck owner/operator, and he was receiving unemployment compensation of $1,079 per month during some months. Husband was also a member of the Teamster's Union, which required him to take only union jobs. Every week he went to the Teamster's Hall and signed an employment book; if there was a job available, the union would call him. Otherwise, he was unable to work as a truck driver. As a result, husband contends that it is difficult to predict what his income will be in the future. His gross wages for 1995 from union jobs were approximately $20,000. It is not clear from the record what husband's combined income from wages and unemployment compensation was for 1995.

The trial court found:

"Now it's a little hard to discern exactly and we don't have very good information from the [husband] about what he really can earn. He apparently is willing to—to work sporadically and maintain his union status as opposed to look for something else which might provide for more regular employment on a nonunion basis. And that's—that may or may not be a good idea in the long term for him.

"He's also made statements about the lack of need to work because of his girlfriend's financial situation which again makes it hard to calculate exactly what would be the appropriate level of income to attribute to him."

The trial court ultimately determined that, based on his 1993 gross income of $90,000, husband should have had net earnings of approximately $50,000. That finding led to a reduction in the spousal support obligation from $1,500 to $1,000 by the trial court.

We agree that husband has shown a substantial change in his employment status. Although wife realized that husband no longer owned the truck, she testified at the modification hearing that she based his gross salary on his then-average income from his business as a truck owner/operator. At the time of the hearing, husband was no longer a

truck owner/operator, and he was receiving unemployment compensation and, at times, was employed through the Teamster's Union. However, what effect the change in employment status has had on his *economic* circumstances or earning potential is less clear. We agree with the trial court that husband's evidence about his current ability to earn income is less than satisfying. The motion before us is to terminate spousal support or to reduce the $1,000 per month ordered by the trial court. It is obvious that husband continues to have the ability to pay some amount of spousal support, and we are not persuaded that wife's $7-per-hour wage obviates the entire need for spousal support. As to his claim for a further reduction, we are not persuaded that the trial court used a proper methodology in calculating husband's earning power. On the other hand, this issue is one on which husband has the burden of persuasion, and, in our view, he has not carried the burden to demonstrate the need for an additional reduction, in the light of the paucity of evidence on that subject. Husband's other arguments do not warrant discussion. Accordingly, we affirm the trial court's ruling as to the amount of spousal support.

■ The final assignment of error asserts that the trial court erred in denying husband's motion to modify the judgment to provide for his visitation with their adult son.[2] The parties now agree that the trial court did not have authority under ORS chapter 107 to award custody in the dissolution proceeding to either party of a 33-year-old child, even if he is developmentally disabled. ORS 107.105 provides for the custody and visitation of minor children. Thus, that provision of the judgment is a legal nullity. It follows then that the trial court could not have erred by denying husband's motion for visitation based on that nullity.

Affirmed.

---

[2] Husband does not assign as error the award of custody of the parties' son to wife.