Argued and submitted March 3, affirmed October 13, 2004, petition for review denied February 15, 2005 (338 Or 124)

Mark MATCHEY,
*Respondent,*

*v.*

STAFFING NETWORK HOLDINGS, INC.,
a foreign corporation,
*Appellant.*

0112-13210; A120281

98 P3d 1174

Elliot S. Wiczer, Northbrook, Illinois, *pro hac vice*, argued the cause for appellant. On the briefs were Gordon S. Gannicott and Hollander, Lebenbaum & Gannicott.

James S. Coon argued the cause for respondent. With him on the brief was Swanson, Thomas & Coon.

Before Landau, Presiding Judge, and Armstrong, Judge, and Kantor, Judge pro tempore.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals an order denying its motion to set aside an order of default and default judgment. ORCP 69 C. Defendant contends that the trial court erred in finding that defendant had received notice that plaintiff intended to apply for a default judgment 10 days before entry of the default as required by ORCP 69 A. We affirm.

The relevant facts are not in dispute. Defendant is an Illinois-based employment services company with a branch office in Oregon. Defendant hired plaintiff to manage the Oregon office. In October 2000, plaintiff left that position. On December 31, 2001, plaintiff filed a complaint for wrongful termination against defendant in Oregon. Plaintiff served defendant's registered agent with the summons and complaint on January 18, 2002.

In a letter dated February 26, counsel for defendant acknowledged that it had received the summons and complaint six days earlier and said that defendant was in the process of retaining local counsel. Defendant requested an offer of settlement. Three weeks later, defendant's counsel sent another letter to plaintiff, this time asking for 10 days' notice before any motion for an order of default.

The record contains no evidence of any action on the case for the next six weeks. On May 1, 2002, plaintiff sent defendant a letter of intent to file a motion for an order of default if defendant failed to file a responsive pleading. Plaintiff sent the letter by first class mail, properly addressed and stamped. The letter was not returned. Meanwhile, between May 1 and May 14, 2002, plaintiff's counsel attempted three times by telephone to reach defendant's counsel to discuss the motion for an order of default, leaving messages each time. In at least one of those messages, plaintiff specifically stated that he would be seeking an order of default. The telephone calls were not returned.

On May 15, 2002, plaintiff filed a motion for an order of default. On May 16, the trial court entered an order of default against defendant and scheduled a *prima facie* hearing for June 18, 2002.

On June 18, 2002, defendant appeared at the *prima facie* hearing, arguing that it had not received notice of the motion for an order of default. Following the *prima facie* hearing, the trial court entered a default judgment against defendant.

■      Defendant filed a motion to set aside the order and judgment under ORCP 69 C and ORCP 71 B(1)(a). Defendant argued that plaintiff had failed to provide—and, in any event, defendant had not received—the 10-day notice that ORCP 69 A requires. According to defendant, that amounts to either good cause under ORCP 69 C or excusable neglect under ORCP 71 B(1)(a). The trial court held a hearing on the motion, at which it received evidence of the mailings and testimony from the parties about what was mailed and whether anything was received. The court then denied defendant's motion, explaining that

> "[t]his court has carefully reviewed all of the relevant filings, oral argument notes, live testimony, and the cited authorities. In consideration of them, as well as placing significant emphasis on credibility and reliability determinations in light of at-hearing witness observations, this Court has concluded that neither the order of default nor the default judgment should be set aside."

On appeal, defendant assigns error to the denial of its motion to set aside the order of default and default judgment. It argues that the court abused its discretion in denying the motion because "[t]here is *not* substantial evidence that [defendant's] attorney received notice and the trial court abused its discretion by denying [defendant's] motions without any reasonable factual basis." (Emphasis in original.)

■      We begin with our standard of review. We review the denial of a motion to set aside a default judgment for an abuse of discretion. *Wood v. James W. Fowler Co.,* 168 Or App 308, 311-12, 7 P3d 577 (2000); *Adams and Adams,* 149 Or App 342, 346, 942 P2d 874 (1997). When the court's exercise of discretion is based on findings of fact, we accept those findings of fact if there is evidence to support them. *Montoya v. Housing Authority of Portland,* 192 Or App 408, 417, 86 P3d 80 (2004). We therefore first address whether the trial court's findings are supported by the evidence and, if so, then

address whether the court abused its discretion in denying defendant's motion.

■ In this case, the trial court did not explicitly make findings of fact about the events that transpired. Nevertheless, we are required to assume that the trial court made factual findings that were consistent with its ultimate decision. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). Moreover, in this case, the trial court fairly clearly identified the credibility of the witnesses as key to its ultimate decision. Given the nature of the issues before the court, it is not difficult to infer the findings that correspond to that credibility determination. In brief: The trial court did not believe that defendant had not received notice. The question for us is whether there is any evidence to support that finding.

We conclude that there is such evidence. Two weeks before the entry of the order of default, plaintiff sent written notification of intent to seek the entry of an order of default and default judgment. That is evidence sufficient to permit the trial court to conclude that defendant received the notice. *Evans v. Brentmar*, 186 Or App 261, 266-67, 62 P3d 847, *rev den*, 336 Or 60 (2003). In addition, plaintiff's counsel followed up with three telephone calls and messages, at least one of which specifically mentioned plaintiff's intention to seek the entry of a default.

Given that there is evidence to support the trial court's implicit finding that defendant received timely notice of plaintiff's intent to seek a default, and given that defendant offers no other explanation for its failure to respond to the notice, we conclude that the trial court did not abuse its discretion in denying defendant's motions.

Affirmed.