486 August 21, 2024 No. 585

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Ken Grant CLOCK,
an individual;
Michael Clyde Clock,
an individual;
Patrick Lewis Clock,
an individual;
and Fruit of the Grain, LLC,
an Oregon limited liability company,
*Petitioners-Respondents,*

*v.*

Barry Mark CLOCK,
an individual,
*Respondent-Appellant.*

Clackamas County Circuit Court
17CV33616; A179803

Kathie F. Steele, Judge.

Argued and submitted April 12, 2024.

David B. Hutchinson argued the cause for appellant. Also on the briefs was Chenoweth Law Group, PC.

Christopher K. Dolan argued the cause for respondents. Also on the brief were Edward H. Trompke and Jordan Ramis PC.

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÁN, J.

Respondent challenges the trial court's general judgment and money award equitably distributing partitioned land that he and his brothers were gifted. Respondent assigns error to the trial court's denials of his second motion for a setover on July 1, 2022, and his renewed motion the morning of the trial on July 5, 2022, arguing that the trial court abused its discretion by denying his motions when he would face substantial prejudice. Petitioners contend that, because respondent failed to provide notice to the opposing parties, the trial court did not abuse its discretion in denying the motions to postpone the trial. The trial court's denials of the motions for failure to serve were legally correct decisions, and, therefore, we agree with petitioners that the trial court did not abuse its discretion, and we affirm.

After an abatement following an order to petition the property at issue in this 2018 dispute, trial was set in this case for June 15, 2022. Respondent moved for a setover on June 14, providing a positive test for COVID-19, and the trial court granted the motion. After the trial court reset the trial to July 5, respondent moved for a setover again on July 1, claiming that his symptoms persisted, and that his remote location made it impossible for him to participate in the trial. Respondent did not serve the opposing parties with that motion, and the trial court denied it the same day. Respondent, again, moved for a setover on the morning of trial without serving copies of the motion on the opposing parties. The trial court denied the motion without making any findings. In response to a comment about the length of the case at the end of the trial, the judge stated that "it just didn't seem like it made sense" to grant the setover.

We review the denial of a motion for a setover for abuse of discretion. *State v. Brockway*, 330 Or App 640, 644, 544 P3d 433 (2024). The trial court did not abuse its discretion if its decision was "within the range of legally correct choices and produce[d] a permissible, legally correct outcome." *State v. Ferraro*, 264 Or App 271, 281, 331 P3d 1086 (2014) (internal quotation marks omitted). Without an abuse of discretion, "we may not substitute our judgment for that of the trial court even if we might have resolved the issue

differently." *State v. Martinez*, 224 Or App 588, 592, 198 P3d 957 (2008). In order to overturn a trial court's denial of a motion for a setover, there must be "a showing of both an abuse of discretion and prejudice to the moving party as a result of the court's denial." *State ex rel Dept. of Human Services v. K. C.*, 227 Or App 216, 230, 205 P3d 28, *rev den*, 346 Or 257 (2009). In cases where the trial court did not make any express factual findings when denying a motion, we may infer factual findings consistent with its ultimate decision. *Matchey v. Staffing Network Holdings, Inc.*, 195 Or App 576, 580, 98 P3d 1174 (2004), *rev den*, 338 Or 124 (2005).

When a party moves for a setover, the movant is required to serve a copy of the motion on each party of the case and notify the court with proof of service. ORCP 9 A, ORCP 9 C(1). In addition to service and notice, the movant *must* include pertinent details in the motion. UTCR 6.030(2) (requiring that a motion for a setover include any dates previously set for trial, the date of each previous postponement, and whether any party objects to the current requested postponement). Those procedural rules are significant to the development of the record because they provide all parties to the proceeding an informed opportunity to contest the justification for the requested setover.

Here, both respondent's second and renewed motions for a setover failed to provide any of the above information to the opposing parties, let alone provide notice that respondent was seeking to delay the trial at all. Given the mandatory nature of the violated rules and their underlying principles, a trial court is well within its discretion to deny a motion for a setover when that motion was not served on the opposing parties. Indeed, many courts will not allow a motion to be filed in the first instance if the motion does not include a certificate of service. Thus, given that a denial of a motion for failure to serve the opposing party would result in a legally correct outcome, the trial court acted within its sound discretion to deny respondent's motion for a setover. *See K. C.*, 227 Or App at 230.

Respondent contends that the trial court abused its discretion by not addressing his justifications for not being

able to participate in the proceedings.[1] However, his failure to serve the motion and to include all of the required information, deprived his adversaries of the opportunity to challenge such justifications. Under the circumstances, it is not appropriate for us to speculate as to what the record might have been otherwise. It might even be argued that findings made in the absence of service, and, thus, an opportunity for a fulsome confrontation, would be spurious. As noted previously, we must find both an abuse of discretion and prejudice to reverse a denial of a motion for a setover. Here, the trial court did not abuse its discretion, and, thus, we do not reach the issue of prejudice.

Affirmed.

---

[1] Although the trial court offered no express factual findings when denying respondent's motions, respondent argues that the judge's statement at the end of the trial that "it just didn't seem like it made sense" to grant the setover amounted to an express factual finding. We reject that assertion. We disagree that an ambiguous statement that would require us to speculate as to its meaning is an express finding. To the extent that the trial court was making a finding, however, we see no error in the court concluding that a setover was not appropriate under the circumstances.